## LYONS et al. v. FEDERAL SYSTEM OF BAKERIES OF AMERICA.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1923.)

No. 3114.

Commerce ⊚⟹40(I)—Corporations ⊚⟹642(I)—What was done in connection with contract by foreign corporation held to constitute "interstate commerce" and not "doing business in state."

Defendant, a Delaware corporation having its principal office in Iowa, in that state made a contract by which it sold certain patented bakery equipment, to be shipped to plaintiffs in Wisconsin, with exclusive right to use the same in certain territory there, and agreed to furnish to plaintiffs a baker, to be paid by them, plaintiffs also agreed to pay defendant a royalty equal to a stated per cent. of their gross business, and defendant reserved the right to inspect their premises and books and to train bakers in their store, which, however, it did not do. Held, that the transaction was one of interstate commerce and that

nothing done thereunder constituted the doing of business by defendant in Wisconsin.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business; Interstate Commerce.]

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action at law by James A. Lyons and W. S. Mason, copartners, against the Federal System of Bakeries of America. Judgment for defendant, and plaintiffs bring error. Affirmed.

John Morgan, of Appleton, Wis., for plaintiffs in error.

E. B. Shea, of Milwaukee, Wis., for defendant in error.

Before BAKER and PAGE, Circuit Judges, and CLIFFE, District Judge.

PAGE, Circuit Judge. The District Court held against the plaintiffs on their contention that the defendant was doing business in the state of Wisconsin and that holding presents the sole question here for review. Defendant, a Delaware corporation, had its principal office in Iowa. Letters patent covering certain features of baking ovens, had been applied for and belonged to defendant. It had worked out what it called the "federal system of bakeries," which included the making and selling of bread, rolls, etc., by the use of an oven, mixer, counters, ice boxes, etc.

In November, 1920, plaintiffs, residing at Appleton, Wis., entered into the written contract in question with defendant in the state of Iowa, whereby defendant, in consideration of the payment of $5,000 and a sum equal to 3 per cent. on plaintiffs' gross business as a royalty, and other specified considerations, gave to plaintiffs the exclusive right to use its system in the Wisconsin territory described, if the plaintiffs should fully perform their part of the contract. Defendant was to deliver to plaintiffs certain equipment, consisting of ovens, scales, ice boxes, etc., upon which plaintiffs were to pay the freight and install the same at their own expense, in the manner specified in the contract in a ground floor storeroom.

It is not questioned that, in its main purpose, the contract was an interstate contract, but it is urged that certain clauses destroy its interstate character—clauses complained of that relate to a grant of exclusive territory to plaintiffs and the obligation by defendant to furnish a baker were solely for the benefit of the plaintiffs. The grant of an exclusive territory did not require action by defendant. It was merely a covenant of the defendant in Iowa that it would not interfere with plaintiffs' territory in Wisconsin. The agreement to furnish a baker, to be paid for by the plaintiffs, appears to have been for the purpose of enabling the plaintiffs to start with experienced help and immediately put its business in good working condition. It was a proper and probably a necessary element in the installation of the system Defendant had no control over the baker.

The obligation of the plaintiffs to make the purchases specified in the contract from defendant, and of defendant to furnish the same, was a mutual undertaking between parties in different states, and clearly

related to interstate commerce. We see no difference between those provisions and daily transactions between parties similarly situated for the mortgaging, leasing, and selling of property about which there is no longer any question, but that they fall within the category of interstate transactions.

Two other objections urged are that defendant reserved the right to inspect the plaintiffs' premises and books, and that a royalty or rental, based upon production, was exacted. The contract did not provide for a percentage of the gross receipts, but provided for a sum equal to 3 per cent. thereof, as the measure for the royalty to be paid. Defendant had no interest in the gross receipts, as such. They merely formed a measure. The provisions for the examination of the books and the premises were proper provisions relating to defendant's security under its license contract. If such provisions constitute doing business in the state, then every creditor who has and exercises the right to satisfy himself within a state as to credits or security must be held to be doing business within the state where the investigation might be made. That would destroy much interstate commerce. The defendant had no power or control over the conduct of plaintiffs' business in any way.

Plaintiffs also urge that the reservation of the right to train bakers in plaintiffs' store is an objectionable element. It does not appear that any bakers were ever sent to plaintiffs' store for training. That clause has nothing to do with plaintiffs' business, as such, but is merely a right reserved by defendant to train for future use, probably in the establishment of its systems, of men of the kind and character which it, in its contract, agreed to furnish plaintiffs. We are of the opinion that that would not constitute doing business within the state, and certainly, under the circumstances, was a mere and a trivial incident to the main interstate transaction. The Sixth Circuit Court of Appeals used the following language (Mich. Lubricator Co. v. Ontario Cartridge Co., 275 Fed. 902, 904):

"The presence of foreign commerce is the dominant characteristic of the transaction, and, in its expected consummation, the preparatory domestic details are merged. It is the clear inference from the decided cases to be cited that the furnishing of an inspector or 'production man' does not infringe the statute."

See, also, Dahnke-Walker Co. v. Bondurant, 257 U. S. 282, 42 Sup. Ct. 106, 66 L. Ed. 239, which also fully answers, adversely to plaintiffs, their contention that contracts creating personal liability are void under section 1770b of the Wisconsin statutes. U. S. v. Am. Bell Tel. Co. (C. C.) 29 Fed. 17; Vulcan Shovel Co. v. Flanders (D. C.) 205 Fed. 102; Browning v. Waycross, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828; Railway Signal Co. v. Virginia, 246 U. S. 500, 38 Sup. Ct. 360, 62 L. Ed. 854; York v. Colley, 247 U. S. 21, 38 Sup. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611.

The judgment is affirmed.