EDMUND G. TAYLOR ET AL., PLAINTIFFS, v. H. A. THRUSH & COMPANY, A CORPORATION, IMPLEADED, ETC., DEFENDANTS.

Argued October 7, 1941—Decided December 30, 1941.

452

■■■■■■■■■■■■

Before Justices PARKER, DONGES and COLIE.

For the plaintiffs, *Henry P. Bedford.*

For the defendants, *George W. C. McCarter.*

The opinion of the court was delivered by

PARKER, J.   The suit is for damages arising out of an explosion in a greenhouse owned and operated by the plaintiffs and claimed to be due to defects in some appliance connected with the heating apparatus of the greenhouse, which appliance had been manufactured and was sold by the defendant H. A. Thrush & Company.   The sale of the appliance was not made directly by H. A. Thrush & Company to the plaintiffs, but was made to the other defendant Lord & Burnham Co., which latter corporation purchased and installed the appliance in question.   The complaint is in eleven counts, the first five of which are directed to the claim against Lord & Burnham Co., and the others relate to Thrush & Company.   We are concerned only with the claim as made against Thrush & Company.   Generally speaking, the gravamen of the action is that Thrush & Company made and exploited the appliance in question and sold it to Lord & Burnham Co., which installed it in the greenhouse; that the appliance was defective and negligently made or otherwise insufficient and dangerous for the purposes for which it was sold, and that Thrush & Company, who made it, should be held liable for the consequent damage.   We think it is clearly shown beyond peradventure by the depositions that Thrush & Company, the Indiana corporation, was not doing business in the State of New Jersey in any sense intended by the statute.   The evidence is uncon-

tradicted that they made no sales direct to consumers, that all sales were made to jobbers, and that the contracts of sale in every case were closed at the home office in Peru, Indiana. Our conclusion on this branch of the case is, therefore, that the defendant Thrush & Company is not within the purview of any statute of this state regulating service upon a foreign corporation doing business in this state. *Camden Rolling Mill Co.* v. *Swede Iron Co.,* 32 *N. J. L.* 15; *McClelland* v. *Colt's Patent Fire Arms Manufacturing Co.,* 10 *N. J. Mis. R.* 156. The service was made upon an employee of Thrush & Company named Peterson.

In sum, the defendant Thrush & Company did not do business in this state, all its contracts were made in Indiana, its sales were made, not to consumers such as the plaintiffs, but to jobbers, who, in turn, resold to the consumer; and it had no agent in this state with the exception of Peterson whose duties were confined to making inspections, listening to complaints and directing the complainants to get in touch with their own contractors. Peterson testified that it was part of his duty to attend to a complaint of the Thrush appliance at the place where it was located, but that he would not replace it but would instruct the owner to get in touch with the heating contractor. His general duties, as testified to by another witness, were to "contact the distributors and contractors who buy their equipment from H. A. Thrush & Company, as a good-will representative."

The present case is distinguishable from *Weiss* v. *Shapiro Candy Manufacturing Co.,* 124 *N. J. L.* 534; affirmed in 126 *Id.* 71. In that case the agent was a traveling salesman with full authority to accept orders and make contracts. The case of *Giovannini* v. *Hartford Accident Co.,* 120 *Id.* 580, appears to be in point.

The service of process will therefore be set aside, with costs.