ALBERT C. MAYER, Appellant, v. GARY WRIGHT, doing business as DR. PEPPER BOTTLING COMPANY; DR. PEPPER COMPANY, Appellee.

No. 46473.

JULY 28, 1944.

A. D. Pugh, of Des Moines, for appellant.

Bromberg, Leftwich, Gowan & Schmucker, of Dallas, Texas, and Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

WENNERSTRUM, J.— Plaintiff, in an action at law, seeks recovery of claimed compensation due him by reason of an alleged oral contract of employment between plaintiff and one Gary Wright, doing business as Dr. Pepper Bottling Company of Des Moines, Iowa. Dr. Pepper Company is a foreign corporation. Jurisdiction of the Dr. Pepper Company was sought to be obtained by service of an original notice on an employee of Dr. Pepper Bottling Company of Des Moines, Iowa. Dr. Pepper Company entered a special appearance wherein it attacked the jurisdiction of the court on the ground that the claimed service of the original notice on it was insufficient to acquire jurisdiction over it and moved to quash the claimed service of the original notice. The trial court sustained the special appearance and plaintiff has appealed. The correctness of this ruling is the only question involved in this appeal.

As a basis for our later comments we shall briefly set forth a statement of the facts disclosed by the record.

Albert C. Mayer, the appellant, is a resident of Polk County, Iowa. Gary Wright, at the time of the bringing of this present action, carried on a manufacturing carbonated-beverage business in Des Moines, Iowa, under the trade name of Dr. Pepper Bottling Company. Wright is the sole owner of the bottling company and the Dr. Pepper Company has no ownership interest in it. Dr. Pepper Company is incorporated under the laws of the state of Colorado but its principal place of business is in the city of Dallas, Texas. It has not heretofore applied for and does not have a foreign-corporation permit to do business in this state. It has no office, claims that it has no agent, or a place of business which it operates, in this state. Dr. Pepper Company owns and manufactures a secret syrup formula, which is sold by it to licensed, independent bottlers throughout the United States. Dr. Pepper Company does not sell to the wholesale or retail trade its bottled syrup, but sells it only to licensed bottlers, who in turn manufacture the finished product therefrom as a part of the licensee's private business. The syrup is manufactured at a plant in Dallas, Texas, and is sold by the Dr. Pepper Company in interstate commerce to independent licensed bottlers.

Clarence Marco, who was served with an original notice as the claimed representative of Dr. Pepper Company, is an em-

ployee and manager of the Dr. Pepper Bottling Company located in Des Moines, Iowa. It is alleged in affidavits presented in support of the special appearance of the appellee, Dr. Pepper Company, that this company has never had any dealings with Marco, never employed him, never paid him and has never authorized anyone to pay him or to have any business dealings with him for and on behalf of the company. Marco testified that he had no dealings of any kind with anybody from the Dr. Pepper Company; that Gary Wright, owner of the Dr. Pepper Bottling Company, fixed his compensation; that nobody · from Dr. Pepper Company had ever told him anything about his hours or duties or as to whom he should hire or discharge. Marco further testified that the Dr. Pepper Company did not interfere with the operation of the bottling company's business in any way.

Appellant in resistance to the special appearance testified that during his employment by the Dr. Pepper Bottling Company he had ordered some of the materials needed for the preparation of the drinks prepared and bottled by it. He stated that they were ordered from several companies. He also testified that the bottling company purchased from companies other than Dr. Pepper Company syrups for root beer and other carbonated-beverage drinks. Appellant further stated that Wright, in his operation of the Dr. Pepper Bottling Company, manufactured a whole line of flavors—strawberry, lemon, lime, grape, and root beer—the ingredients of which he bought on the market. Appellant also testified that Wright had the machinery to make these drinks and that he made several trademark drinks besides Dr. Pepper, which included Nesbit, Squirt, Parks Root Beer, all of which were manufactured under franchises other than that given by the Dr. Pepper Company.

It is the claim of the appellant that the license agreement under which the appellee, Dr. Pepper Company, furnished the syrups provided for a certain amount of supervision as to the manner in which the manufacturing of the finished product was prepared. It was shown that sales meetings were held where representatives of Dr. Pepper Company conferred with licensed bottlers who handled the Dr. Pepper Company product. At these meetings the manner of stimulating the sale of the Dr. Pepper

drink was discussed. It was also shown that the appellee, Dr. Pepper Company, through certain of its representatives, assisted the bottling company in correcting conditions when difficulties developed in connection with the water used. Appellant claims that Marco, as the representative of the bottling company, was, by reason of the relationship of the bottling company to the Dr. Pepper Company, a representative of this last-named company.

It is appellant's contention that (1) the court erred in sustaining appellee's special appearance and in overruling appellant's resistance thereto (2) that the court erred in denying appellant's application for an order requiring appellee to require at least one of its officers who gave affidavits in connection with its special appearance to appear in court and to submit to cross-examination relative to the affidavit filed (3) that the evidence is insufficient to sustain the court's ruling which held that the court was without jurisdiction over the appellee, Dr. Pepper Company, and that its special appearance should be sustained.

Statutory authority for a special appearance is found in section 11088, 1939 Code, which is as follows:

"Special Appearance. Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

Inasmuch as this action was commenced prior to the taking effect of the Iowa Rules of Civil Procedure and the ruling on the special appearance was made before the rules became effective, Rule 66 is not applicable to this litigation.

A further statutory enactment which relates to the manner of proof in regard to sustaining a motion is found in section 11231, 1939 Code, which is as follows:

"Proof by affidavit—cross-examination. Testimony to sustain or resist a motion may be in the form of affidavits, or in such other form as the parties may agree on or the court or judge direct. If by affidavit, the person making the same may be required by the court or judge to appear and submit to a cross-examination."

Rule 116 of the Iowa Rules of Civil Procedure is not applicable for the same reason as stated in regard to Rule 66.

Another Code section that should receive consideration in connection with this appeal is section 11072, 1939 Code. It is, in part, as follows:

"If the action is against * * * any foreign corporation, service may be made upon any general agent of such corporation, company, or person, wherever found * * * if there is no such agent in said county, then service may be had upon any such agent or person transacting said business in any other county."

I. We shall first give consideration to the second contention of the appellant, wherein he maintains that the court erred in denying his application to the trial court to require the appellee, Dr. Pepper Company, to present in court for cross-examination one of the officers of that corporation who had given affidavits in support of the company's special appearance. The trial court was correct in its ruling. We have frequently held that it is a matter of discretion with a trial court whether an affiant should be required to appear for cross-examination in connection with affidavits filed in support of a motion. Lindsay v. Lindsay, 189 Iowa 326, 333, 178 N. W. 384; State v. Bitter Root Valley Irr. Co., 185 Iowa 60, 72, 169 N. W. 776; Dice v. Johnson, 198 Iowa 1093, 1102, 199 N. W. 346; Wall v. Chesapeake & O. R. Co., 7 Cir., Ill., 95 F. 398, 37 C. C. A. 129. In the instant case the special appearance filed by the appellee, Dr. Pepper Company, was, in part, a motion to quash the claimed service of the original notice. Section 11231, 1939 Code, therefore, has application to the proceedings that are now before us for review. We have concluded that in the instant case there was no abuse of discretion on the part of the trial court in refusing to order one or more of the affiants to be brought into court for cross-examination as to the affidavits presented.

II. The first and third contentions of the appellant may be considered jointly in that they are concerned with the sufficiency of the evidence presented to sustain the trial court's ruling on the special appearance filed by the appellee, Dr. Pepper Company.

a. The burden of proof was upon the appellant to estab-

lish the necessary facts to show that the trial court had jurisdiction of the appellee, Dr. Pepper Company. Walter M. Toole Co. v. Distributors Group, 217 Iowa 414, 422, 251 N. W. 689; Thornburg v. James E. Bennett & Co., 206 Iowa 1187, 1191, 221 N. W. 840; Jermaine v. Graf, 225 Iowa 1063, 1067, 283 N. W. 428; Keokuk & Hamilton Bridge Co. v. Curtin-Howe Corp., 223 Iowa 915, 925, 274 N. W. 78. It is our holding that appellant has not met the burden placed upon him.

b. It has been the holding of the courts that the question whether a corporation or company is "doing business" within a state must be decided upon the facts as disclosed by the record presented in each particular case. Sasnett v. Iowa State Traveling Men's Assn., 8 Cir., Iowa, 90 F. 2d 514 [certiorari denied 302 U. S. 711, 58 S. Ct. 30, 82 L. Ed. 549]; Berman v. Affiliated Enterprises, D. C., Maine, 17 F. Supp. 305, 306. However, our prior holdings provide a guide to us in our consideration of the facts presented in this case. The principle question that we must decide is whether the Dr. Pepper Company was "doing business" within this state in such a manner as to justify our holding that the courts of this state could obtain jurisdiction of it in the present litigation.

In the case of American Asphalt Roof Corp. v. Shankland, 205 Iowa 862, 865, 866, 219 N. W. 28, 29, 60 A. L. R. 986, this court, speaking through Stevens, C. J., said:

"The term 'doing business' within a state foreign to the one in which the corporation is organized and has its principal place of business is substantially defined by the Supreme Court as follows:

"'The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is by its duly authorized officers or agents present within the state or district where service is attempted.' People's Tobacco Co. v. American Tobacco Co., supra. See, also, Green v. Chicago, B. & Q. R. Co., supra; International Harv. Co. v. Commonwealth of Kentucky, supra; Jones v. Illinois Cent. R. Co., 188 Iowa 850; Dye Prod. Co. v. Davis, 202 Iowa 1008. * * *

1164

"Two elements are always involved: namely, Was the foreign corporation doing business, within the meaning of that term as defined by the Supreme Court, within the state, and, Was service had upon a proper or duly authorized agent thereof? Many cases involving these questions have been decided by both state and Federal courts. Except for the general rules established or recognized thereby, they are, however, of aid only to the extent that they present analogous questions of fact."

A leading case that has passed upon the question as to the rule to be applied in deciding an issue such as is presented in this appeal is that of Philadelphia & R. Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710, where the Supreme Court of the United States said:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the inference that it is present there."

Innumerable cases might be cited in connection with this question. However, for purposes of brevity, reference is here made to the annotations found in 60 A. L. R. 994, 101 A. L. R. 126, and 146 A. L..R. 941, wherein most of the cases that have passed upon this question are annotated and commented upon.

As previously stated, the facts in each case must disclose circumstances from which an inference must be drawn that the foreign corporation is doing business within the state where the suit is brought and jurisdiction is sought to be obtained. We do not see how this inference can be drawn from the facts disclosed in the record of the present case. Dr. Pepper Company has no interest in Dr. Pepper Bottling Company of Des Moines, Iowa. The bottling company is a separate entity. Dr. Pepper Company has no selling agent in the state of Iowa and has no display room, as was the case in International Shoe Co. v. Lovejoy, 219 Iowa 204, 257 N. W. 576, 101 A. L. R. 122. It maintains no office within the state and has no control over the bottling company. See Keokuk & Hamilton Bridge Co. v. Curtin-Howe Corp., 223 Iowa 915, 274 N. W. 78; Street & Smith Publications v. Spikes, 5 Cir., Tex., 120 F. 2d 895, 897 [certiorari denied 314 U. S. 653, 62 S. Ct. 102, 86 L. Ed. 524]. It did act

in an advisory capacity in connection with the sale and promotion of the manufactured product made from the syrup furnished by it, but this activity, when carried on within the state, was only temporary and at infrequent intervals. Such activities do not constitute doing business within the state. Truck Parts v. Briggs Clarifier Co., D. C., Minn., 25 F. Supp. 602, 604; Lyons v. Federal System of Bakeries, 7 Cir., Wis., 290 F. 793, 795; Michigan Lubricator Co. v. Ontario Cartridge Co., 6 Cir., Mich., 275 F. 902, 904; Schoenith, Inc. v. Adrian X-Ray Mfg. Co., 220 N. C. 390, 17 S. E. 2d 350, 352; Taylor v. H. A. Thrush & Co., 127 N. J. Law 451, 23 A. 2d 274, 275. It is therefore our conclusion that Dr. Pepper Company was not doing business within the state of Iowa so as to warrant a holding that jurisdiction might be obtained of it by service of an original notice upon a claimed agent within this state. We do not deem it necessary to here discuss the question whether Marco was an agent of the Dr. Pepper Company and upon whom service of notice was made in this case in an effort to obtain jurisdiction of the Dr. Pepper Company.

The appellant argues that the case of Pugh v. A. D. Bothne Co., 178 Iowa 601, 159 N. W. 1030, is controlling in the present case. The facts in that case are not at all similar to those disclosed in this case. In the Bothne case the contract indicated a definite agency relationship. That is not the situation in the present case. We have also given consideration to the other cited cases referred to in appellant's brief but we do not deem them controlling under the facts.

By reason of our conclusions herein announced, we hold that the trial court was correct in its ruling wherein the special appearance of the Dr. Pepper Company was sustained on the ground that the trial court was without jurisdiction. We therefore affirm.—Affirmed.

GARFIELD, HALE, SMITH, MULRONEY, MILLER, BLISS, and OLIVER, JJ., concur.