**CEDAR RAPIDS COMMUNITY SCHOOL DISTRICT IN the COUNTY OF LINN, STATE OF IOWA, Plaintiff,**

v.

**R. F. BALL CONSTRUCTION COMPANY, Inc., Southwest Ball Construction Company and Leo A. Daly Company, Defendants.**

Civ. No. 64–C–7–CR.

United States District Court
N. D. Iowa,
Cedar Rapids Division.

Feb. 1, 1965.

---

F. James Bradley, James W. Crawford, Cedar Rapids, Iowa, for plaintiff.

Simon & Simon, Fort Worth, Tex. and Barnes, Wadsworth, Elderkin, Locher & Pirnie, Cedar Rapids, Iowa, for defendant Ball Companies.

Silliman, Gray & Stapleton, Cedar Rapids, Iowa and Messer & Cahill, Iowa City, Iowa, for Economy Roofing Company.

Thomas M. Collins, William H. Ryan and James H. Carter, Cedar Rapids, Iowa, for defendant Leo A. Daly Company.

McMANUS, Chief Judge.

This matter is before the court on the Motion to Dismiss of defendant Leo A. Daly Company (Daly), filed June 22, 1964, and plaintiff's resistance thereto.

In the two Divisions of its Complaint, filed March. 2, 1964, plaintiff, an Iowa school corporation, seeks damages from the general contractors and the architect allegedly resulting from defective construction of the roofs of two high school buildings in Cedar Rapids, Iowa.

In Division I, plaintiff alleges that the general contractors, defendants R. F. Ball Construction Company, Inc. (R. F. Ball), and Southwest Ball Construction Company (Southwest Ball), breached express and implied warranties in their construction contract with plaintiff, dated September 14, 1955, by failing to construct the high schools in a workmanlike manner.

In Division II, plaintiff alleges that on October 8, 1954, it entered into a written contract with Daly, a Nebraska corporation with its principal place of business in Omaha, Nebraska, whereby Daly was to design, supervise and inspect the construction of said schools in Cedar Rapids, Iowa, and that in the performance of the contract, Daly breached express and implied warranties causing plaintiff's damage.

An examination of the file and record discloses that Daly has never qualified to do business nor obtained a permit to do business in Iowa, that its final services under the contract with plaintiff were completed on November 11, 1958, and that service of process on Daly was

made pursuant to Iowa's "single act" statute.[1]

In its Motion, Daly seeks to dismiss the Complaint or quash the process on the ground that all its acts pursuant to the contract with plaintiff were performed long prior to July 4, 1963, the effective date of Iowa's "single act" statute, said statute not having retrospective application.[2]

■■ Since there is no contention by Daly that jurisdiction is precluded by federal due process requirements of minimum contacts, this court must look to the limitations established by the Supreme Court of Iowa in determining whether Daly is amenable to suit under § 617.3, as amended. Jennings v. McCall Corp., 320 F.2d 64 (8 Cir. 1963). No contract case has been found in which the Supreme Court of Iowa has ruled directly on the retrospective application of the "single act" statute where it was in effect at the time the action was commenced (cf. Hill v. Electronics Corp. of America, 253 Iowa 581, 113 N.W.2d 313 (1962), and where all material acts occurred prior to its effective date (cf. Great Atlantic & Pacific Tea Co. v. Hill-Dodge Banking Co., 122 N.W.2d 337 (Iowa 1963).[3] Because of certain language of the Iowa court in Hill and Great Atlantic & Pacific Tea Co., supra, the law of Iowa appears to be in doubt on the question. However, it is the duty of this court to decide the controversy be-

tween the parties and endeavor to forecast what the Supreme Court of Iowa would declare the law to be were this case before it. Medd v. Westcott, 32 F.R.D. 25 (N.D.Iowa 1963).

That Hill and Great Atlantic & Pacific Tea Co. involved the tort rather than the contract aspect of § 617.3 is not a persuasive distinction. However, this court is impressed with the following language in Great Atlantic & Pacific Tea Co.:

"* * * It is essential and just that we enlarge the scope of the jurisdiction of our state with reference to foreign corporations which do not comply with statutes as to doing business in the state. The business of the nation is being carried on more and more by corporate entities. * * *

"We expressed another optimistic view in the Hill case as follows: 'We deem it proper to express approval of a broadened concept of jurisdiction over foreign corporations, especially in actions to enforce obligations arising out of their activities within the state'. * * *

"This Act of the 59th General Assembly (§ 617.3) was referred to in the Hill case, but since the case had been decided in the trial court before the Act became effective, the Act could not be applied in the decision in this court. In referring to the Act, however, we stated in the Hill

1. Though plaintiff argues that service was also good under § 494.2(6), this contention is without support in the record.

2. Iowa's "single act" statute (§ 617.3) was first enacted by Ch. 321 of the Acts of the 58th G.A., effective July 4, 1959. Apparently to avoid a Wuchter problem (Wuchter v. Pizzuti, 276 U.S. 13, 48 S. Ct. 259, 72 L.Ed. 446), it was further amended by Ch. 325 of the Acts of the 60th G.A., effective July 4, 1963, providing in part:
   "If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or * * * commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa

by such foreign corporation for the purpose of service of process * * * and, if the corporation does not have a registered agent * * * in * * * Iowa, shall be deemed to constitute the appointment of the secretary of state * * * of Iowa * * * its * * * attorney upon whom may be served all lawful process * * * in actions * * * arising from or growing out of such contract or tort. * * * The term 'resident of Iowa' shall include * * * any Iowa corporation * * *."

3. See excellent discussions of the problem and these cases in 49 ILR 976 (1964), 48 ILR 968, 978 (1963) and 48 ILR 204 (1962).

case: 'It establishes a new basis for jurisdiction over a foreign corporation.'

"With reference to the question of jurisdiction the facts of each case must be considered in order to arrive at a proper conclusion. We hold Chapter 287 of the Acts of the 59th G.A. is effective as to the facts in the case at bar."

■ Because of the convincing reasoning in McGee [4] and the above quoted language viewed in the context of the Iowa Court's enlightened tradition, this court is inclined to predict that if presented with the facts of the case at bar, the Supreme Court of Iowa would hold § 617.3 effective and apply it retrospectively.

It is therefore

Ordered

That Daly's Motion to Dismiss, filed June 22, 1964, is overruled.

---

4. McGee v. International Life Ins. Co., 355 U.S. 200, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).