38690.   FOCHT v. AMERICAN CASUALTY COMPANY.

DECIDED FEBRUARY 8, 1961.

Scott Walters, Jr., for plaintiff in error.

Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr., contra.

BELL, Judge. At the time of the prior suit against the defendant Wright, the statute providing for jurisdiction of suits against nonresidents, *Code Ann.* Ch. 68-8, did not contain any provision for jurisdiction to be obtained by service on the Secretary of State where the defendant was a resident of the State at the time of the accident or collision but ceased to be a resident prior to the service of any summons or other lawful process. Ga. L. 1957, pp. 649-651, amended the law so as to provide for service through the Secretary of State upon a resident who lived in the State at the time of an accident creating a cause of action, but who moved outside the State before the action was instituted. *Code Ann.* § 68-808. This amendment to the law came almost one and a half years after the collision out of which the judgment in favor of the plaintiff was rendered. The garnishee's contention is that this subsequent statute cannot be given a retrospective operation so as to apply to the right of the plaintiff against the defendant Wright. It is, of course, essential to the rendition of a judgment against the garnishee that there be a valid existing judgment between the plaintiff and defendant Wright in the prior action. *Ingram v. Jackson Mercantile Co.*, 2 Ga. App. 218 (58 S. E. 372). If the 1957 amendment to the Non-Resident Motorists Act does not apply retroactively,

then the judgment was void and the garnishee was properly discharged by the trial court.

■ *Code* § 102-104 provides, "Laws prescribe only for the future; they cannot impair the obligation of contracts, nor, usually, have a retrospective operation. . ." This is the general rule of statutory construction. 82 C. J. S., Statutes, § 414, p. 981 et seq. However, a generally recognized exception to this rule is that statutes relating to remedies or procedure may be given a retrospective or retroactive construction. *Code* § 102-104 and 82 C. J. S., Statutes, § 421. Where it is possible to determine the intent of the legislature, unless there are constitutional obstacles, the intent of the legislature will govern as to whether the act is prospective only in its application. As we understand the amendment to the Non-Resident Motorists Act, as passed by the General Assembly in 1957, the legislative intent is clearly indicated as making only Section 3 of the Act apply to then existing causes of action. This intent is shown in Section 4 of the act which states, "Section 3 of this Act, affecting matters of procedure only, shall apply to all causes of action whether now in existence or arising after the passage hereof." Since the provisions of Section 3 have no bearing or relevancy upon the issue in this case, it is referred to here only for the purpose of showing the exclusive extent of the legislative intent and thus to illustrate the following point. Under an elementary rule of statutory interpretation, the express enumeration that Section 3. of the act is to be retroactive, by necessary implication, indicates the intent on the part of the General Assembly to have been that the other portions of the act were not to be given a retroactive effect. It thus seems clear that Section 1-A, which governs the effectiveness of the original service on the defendant Wright, and thus the decision here, was not extendable to situations existing prior to its enactment. It follows that the prior action and subsequent judgment against Wright were worthless.

■ Even if the intent of the legislature were not so apparent, there is yet another reason for holding the amendment applicable to the plaintiff's cause of action was not retroactive. This reason is that by this amendment a new right was created. Without the amendment the plaintiff had no right to bring an ac-

tion for damages against a former Georgia resident in the courts of this State who had removed from the State before the action was instigated. By the amendment, if applicable, the plaintiff could force the former resident to litigate in the Georgia courts rather than in the State of his domicile. This would create a new right in the plaintiff and would impose a new obligation on the defendant. In Davis v. Jones, 247 Iowa 1031 (78 N. W. 2d 6), it was held that a similar amendment to the Iowa Non-Resident Motorists Act created a new right and, therefore, the statute could not be given a retroactive effect. Thus, "Where, under the guise of making a change in the remedy, a new right or obligation is created . . . it will not be construed to affect remedies and procedure as to causes of action arising before its passage." 82 C.J.S., Statutes, § 421, p. 998. The amendment here created a new right in the plaintiff and imposed a new obligation on the defendant. Accordingly, it cannot be given a retrospective application. To hold to the contrary would raise constitutional questions of due process. Cf. 16-A, C.J.S., Constitutional Law, § 620, p. 812.

The trial judge properly overruled the traverse of the plaintiff to the answer of the garnishee and discharged the garnishee.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*