ZELDA NEVINS *v.* REVLON, INC., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 115505
AT BRIDGEPORT

Memorandum filed April 17, 1962

*Gertrude F. Jacobson,* of Bridgeport, for the plaintiff.

*Gregory C. Willis,* of Bridgeport, for defendant Liggett Drug Company.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for defendants Liggett Drug Company and Revlon, Inc.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, specially for defendant Jensen's, Inc.

SHAPIRO, J.  The complaint alleges that on December 28, 1960, the plaintiff, a resident of Connecticut, purchased in New York City certain Revlon cosmetic products manufactured by the defendant Jensen's, Inc., of Shelbyville, Tennessee, took them home to Bridgeport, and used them there on her face, with resulting personal injuries.  It is further alleged that defendant Jensen's, Inc., manufactured and distributed the items involved with the reasonable expectation that such goods were to be used and consumed in Connecticut, and that in fact they were so used and consumed, in violation of the General Statutes.

Service of process was made on Jensen's, Inc., by service on the secretary of state pursuant to § 33-411 of the General Statutes, of which (c)(3) reads as follows: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers . . . ."  Section 33-411, being part of chapter 599, became effective January 1, 1961.  The motion is based on this defendant's claim that § 33-411 may not be applied retrospectively so as to permit this method of substituted service in relation to a cause of action which arose prior to the effective date of the statute.  The sole question on this motion is

whether this statute can be applied retrospectively to a cause of action which arose before the statute took effect.

The plaintiff admits that service was made under the provisions of the aforesaid statute. However, it is her claim that the date on which the cause of action arose, December 28, 1960, would have no bearing on this statute; that this statute does not establish substantive rights but merely provides a remedy, by way of service, in this state for a person to exercise the right which may have accrued to her; and that the transacting of business by this defendant corporation made it amenable to service in Connecticut by service on the secretary of the state.

It cannot be argued but that prior to January 1, 1961, this plaintiff, in order to sue this defendant under the herein situation, would have had to go to the Tennessee state courts or the federal court unless service could have been had here under the limitations of our prior existing law. Clearly, this statute opened the door to a remedy of suit in Connecticut against certain foreign corporations where, under prior law and under these circumstances, none existed.

"A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of retrospective law, or the general rule against the retrospective operation of

statutes. . . . However, statutes . . . relating to procedure are not necessarily retrospective in their operation. Such acts are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to . . . disturb vested rights, and in such cases will not be given a retrospective operation unless there is some language in the statute indicating such a legislative intent." 50 Am. Jur. 505, § 482. "A statute which operates upon acts and transactions which have not occurred when the statute takes effect, that is, which regulates the future, is a prospective statute. On the other hand, a retrospective or retroactive law is one which takes away or impairs vested rights acquired under existing laws, or creates new obligations and imposes new duties, or attaches new disabilities in respect of transactions already past." Crawford, Statutory Construction § 77.

Laws are to be interpreted as operating prospectively and considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. *Massa* v. *Nastri,* 125 Conn. 144, 147; *Bridgeport* v. *Greenwich,* 116 Conn. 537, 543. However, where before the statute there was no remedy whatever, the exception to the rule that statutes operate prospectively only, in the absence of a clear expression of contrary purpose, which is made where the statute changes a form of remedy, does not apply. *Shielcrawt* v. *Moffett,* 294 N.Y. 180. Where a statute may greatly affect the position of the parties, it will not be construed retrospectively. *Demarest* v. *Zoning Commission,* 134 Conn. 572, 575. A statute gave to New York courts jurisdiction to hear actions for injuries to foreign realty. It was held to affect substantive rights, the court holding: "[T]o supply a remedy where previously there was none of any

kind, is to create a right of action." *Jacobus* v. *Colgate,* 217 N.Y. 235, 240.

It seems to the court that with the situation at hand we are not dealing with a procedural matter, as claimed by the plaintiff. The right given under the statute is a fundamental one. It is a substantive right. It must be and is hereby construed as operating prospectively.

A motion to erase is limited to defects apparent on the record. *Felletter* v. *Thompson,* 133 Conn. 277, 279. If the defect is apparent on the record, it may be raised by a motion "to erase." *Michelin* v. *MacDonald,* 114 Conn. 582, 583. It is apparent from the record that the statute in question cannot apply retrospectively to a claimed cause of action which arose before the statute became effective.

As recited in the motion and for the reasons given, the motion to erase is granted.