JONES, APPELLANT, *v.* FLYNN, APPELLEE.

[Cite as Jones v. Flynn, 8 Ohio App. 2d 333.]

(No. 788—Decided December 20, 1966.)

*Messrs. Kimble, Schapiro, Stevens, Harsha & Harcha,* for appellant.

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellee.

GRAY, J. This cause is in this court on appeal on questions of law from a judgment of the Court of Common Pleas of Scioto County.

Plaintiff filed a petition and has attempted service upon the defendant on three different occasions at three different addresses under Section 2703.20, Revised Code.

Defendant has filed a motion to quash service of summons on defendant. Defendant did not specify to which attempted service of summons he directed his motion. The trial court sustained the motion but it too did not specify to which service of summons it directed its order.

We do not believe this to be a final order. The plaintiff is a minor who alleges in his petition that he was injured on January 16, 1965. The statute of limitations has not run against plaintiff's claim. The Common Pleas Court in its order did not dismiss the petition. Up to the present point in the proceedings the trial court has done nothing to prevent it from exercising its full jurisdiction to grant relief to plaintiff.

If plaintiff reaches the conclusion that the service is sufficient in law and that he does not desire to attempt to obtain any other or different service upon defendant, he should so

state that to the court, whereupon, the court should dismiss his action at his costs for failure to prosecute. This would put the case out of the jurisdiction of the trial court.

It should be pointed out that there should be a finding of fact based upon evidence as to what was the defendant's "last known address."

In *Hendershot* v. *Ferkel*, 144 Ohio St. 112, the envelope containing the copy of the petition was returned by the postal department to the Sheriff of Sandusky County endorsed "unknown at address" and the sheriff's return was so made. The Supreme Court, at pages 120 and 121, says:

"* * * Section 6308-2, General Code, makes it reasonably certain that notice will reach the defendant, but does not require proof that the defendant received such notice as a prerequisite to jurisdiction to hear and determine the cause."

An order sustaining a motion to quash service of process, which is not accompanied by an order of dismissal entered thereon, carrying attendant costs and putting the case out of court in the lower court, is not a final order from which an appeal may be prosecuted where such motion is based merely on grounds of nonservice or defective service, either of which could be cured by issuance and service of alias process. *State, ex rel. McCale,* v. *Industrial Comm.,* 132 Ohio St. 13.

We hold that under the facts in this case there was no order from which an appeal could be taken to this court. The motion to dismiss the appeal is sustained and the appeal is dismissed.

*Appeal dismissed.*

Brown, P. J., and Carlisle, J., concur.