44607. BUCKHEAD DOCTORS' BUILDING, INC. v.
OXFORD FINANCE COMPANIES, INC.

PANNELL, Judge. 1. In *Focht v. American Cas Co.*, 103 Ga.
App. 138, 140 (118 SE2d 737), this court held that an amend-
ment to the Nonresident Motorists' Act (Ga. L. 1957, pp.
649-651), so as to permit a suit in this State against a person
who was a resident at the time of the collision or accident,
but ceased to be a resident prior to the service of any sum-
mons, did not have retrospective or retroactive application so
as to apply to a cause of action originating prior to the
amendment; stating that without the amendment there was
no right to bring an action in the courts of this State against
such nonresident and that the amendment created a new right
and was not merely remedial or procedural in its effect. Ac-
cordingly, the so-called Georgia Long Arm Statute enacted in
1966 (Ga. L. 1966, pp. 343, 344), which permitted certain
actions in this State against nonresidents of this State under
the conditions therein set forth and which became effective
on March 10, 1966, had no application to a cause of action
which arose prior to the date it became law. For like rea-
sons, the amendment to that statute of 1968 (Ga. L. 1968,
pp. 1419, 1420), which enumerated nonresident corporations
as among those against which actions permitted under the
statute could be brought in this State, had no effect upon any
cause of action originating prior to the effective date of that
Act, approved April 12, 1968. We think this is the cor-
rect interpretation of the Act, and particularly so when an
examination of the Act as a whole does not lead clearly to
the conclusion that such was the legislative purpose. Hill v.
Electronics Corp., 253 Iowa 581 (113 NW2d 313); Bruney
v. Little, 8 Ohio App. 2d 333 (222 NE2d 445); Nevins v.
Revlon, Inc., 23 Conn. Sup. 314 (182 A2d 634). The statute
not being remedial, the amendment of 1968 does not apply
to pending actions and the cases of *Johnson v. Bradstreet Co.*,
87 Ga. 79 (13 SE 250) and *Pritchard v. Savannah St. &c. R.
Co.*, 87 Ga. 294 (13 SE 493, 14 LRA 721) have no application.
Certain rulings and orders in cases in the United States District
Court for the Northern District of Georgia, some of which
construed the Georgia statute contrary to the construction
we have placed upon it, were cited by the appellant. While
the above Federal cases construing the Georgia statute might

be deemed persuasive, they are not controlling in view of the decision in *Focht v. American Cas. Co.*, 103 Ga. App. 138, supra.

2. Where, as in the present case, a cause of action against the nonresident corporation originated prior to both Acts, the trial judge did not err in sustaining the motion to dismiss the action on the ground of lack of jurisdiction of the court in this State in which the action was brought to entertain the complaint brought against the nonresident corporation.

*Judgment affirmed. Pannell, Quillian and Evans, JJ., concur.*

ARGUED JULY 7, 1969—DECIDED OCTOBER 2, 1969— REHEARING DENIED OCTOBER 21, 1969—▮▮▮▮▮▮▮

*Moreton Rolleston, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., Bennett L. Kight,* for appellee.