25408. BAUER INTERNATIONAL CORPORATION v. CAGLES, INC.

ARGUED SEPTEMBER 11, 1969—DECIDED NOVEMBER 6, 1969.

*King & Spalding, Kirk McAlpin, A. Felton Jenkins, Jr., Charles L. Gowen,* for appellant.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, James T. McDonald, Jr.,* for appellee.

*Donald A. Weissman, Louis Regenstein, Jerre B. Swann, George B. Haley, Jr.,* amicus curiae.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., Bennett L. Kight,* for party at interest not party to record.

MOBLEY, Presiding Justice. This appeal by Bauer International Corporation is from the denial of its motions to dismiss and quash service. The question presented is whether the appellant, a New York corporation, is subject to the jurisdiction of the Civil Court of Fulton County under *Code Ann.* § 24-113.1 et seq. (Ga. L. 1966, pp. 343-344, as amended by Ga. L. 1968, pp. 1419-1420), in an action on a debt by Cagles, Inc., a Georgia corporation. The appeal was certified by the trial judge for immediate review.

In its enumerations of error the appellant contends that the trial court erred in denying its motions to dismiss and to quash service for the following reasons: (1) The statute commonly referred to as the Georgia long arm statute (Ga. L. 1966, pp. 343-344, as amended by Ga. L. 1968, pp. 1419-1420) is unconstitutional in that it violates the due process clauses of the State and Federal Constitutions. (2) The statute did not apply to corporations prior to the effective date of the 1968 amendment, and this amendment cannot be applied retroactively or retrospectively to include causes of action which arose prior to the effective date of the 1968 amendment. (3) The claim against the appellant did not come within the term "transacts any business within the State," or any other basis for jurisdiction in the long arm statute.

The asserted claim of the appellee was for goods sold and delivered to the appellant through 1967.

■ The 1966 Act provided in § 1 as follows: "A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to cause of action arising from any of the acts, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) Transacts any business within this State; or (b) Commits a tortious act within this State, except as to a cause of action for defamation of character arising from the act; or (c) Owns, uses or possesses any real property situated within this State." Section 3, in regard to the manner of service states: "A person subject to the jurisdiction of the courts of the State under section 1 of this Act, or his executor or administrator, may be

served," etc. *Code Ann.* §§ 24-113.1, 24-115.

It is our view that this language can not reasonably be construed to include corporations. The words "or his executor or administrator" in these sections could only refer to a natural person. If the words "any nonresident" should be construed to include foreign corporations, the question would arise as to which foreign corporations were intended, since at the time of the passage of the 1966 Act, foreign corporations doing business in Georgia were already subject to the jurisdiction of the courts of this State by service of process on designated agents or upon the Secretary of State, if no agent was designated. Ga. L. 1946, pp. 687, 688. The 1968 amendment, in defining the term nonresident to include foreign corporations, describes specifically the foreign corporations included within the term.

In Wilen Manufacturing Co. v. Standard Products Co., 409 F2d 56, the United States Fifth Circuit Court of Appeals reversed the ruling by Judge Smith of the United States District Court for the Northern District of Georgia that the term "nonresident" in the Georgia long arm statute (before amendment) was restricted to natural persons and not applicable to corporations. The Circuit Court rejected the "linguistic analysis" of the District Court and sought for '"legislative purpose." It concluded that "restricting the long arm statute to natural persons would in large measure frustrate the objective of affording a local forum to Georgia citizens who have causes of action arising from the local activity of those residing out of state," and that this was not intended by the Georgia General Assembly. Interpretation of the statute was made by the Federal courts because of the absence of any ruling by the appellate courts of this State on the question. The decision of the Fifth Circuit Court of Appeals is, of course, not binding on this court.

We think the true test for the interpretation of a statute is not a judicial determination of its desired result, but a determination of the intention of the legislature as it is expressed by the language of the statute. It would be a strained and unreasonable construction of the language used in the 1966 long arm statute to hold that the word "nonresident" as used in the statute was intended to include foreign corporations, and we

hold that it was not the intention of the General Assembly to include corporations.

■ Section 4A of the 1968 amendment to the long arm statute defines the term "nonresident," and includes in this definition "a corporation which is not organized or existing under the laws of this State and is not authorized to do or transact business in this State at the time a claim or cause of action under section 1 of this Act arises." Ga. L. 1968, pp. 1419, 1420 (*Code Ann.* § 24-117).

It is contended by the appellee that even if the word "nonresident" in the 1966 long arm statute is construed not to include corporations, the 1968 amendment can be applied retrospectively to causes of action which arose after the effective date of the 1966 statute and prior to the effective date of the 1968 amendment.

Section 4B of the 1968 amendment (Ga. L. 1968, pp. 1419, 1420; *Code Ann.* § 24-118) provides: "The definition of 'nonresident' in Section 4A of this Act shall not be construed as expressing the intention of the General Assembly of Georgia as to the meaning of 'nonresident' as used in Section 1 of this Act prior to the effective date of Section 4A of this Act." This section plainly shows that it was not the intention of the legislature that the definition of nonresident be given a retrospective application.

Laws ordinarily do not have retrospective operation, but mere remedial Acts may apply to rights accruing prior to their passage. *Code* § 102-104; *Seaboard A.-L. R. Co. v. Benton,* 175 Ga. 491 (3) (165 SE 593); *Walker County Fertilizer Co. v. Napier,* 184 Ga. 861 (2) (193 SE 770); *Smith v. Pindar Real Estate Co.,* 187 Ga. 229 (3) (200 SE 131); *Walker Electrical Co. v. Walton,* 203 Ga. 246 (1) (46 SE2d 184); *Anthony v. Penn,* 212 Ga. 292 (92 SE2d 14).

The courts of other jurisdictions are divided on the question of whether their long arm statutes may be applied retrospectively to causes of action arising prior to the passage of the statute, depending on the conception of the court of each State as to whether the statute relates solely to remedies or procedure, or whether it affects substantive rights as well.

It is the view of this court that the Georgia long arm statute does not merely afford a different remedy for a prior existing right, but affords a remedy against nonresidents where under the prior law none existed in this State. It affects substantive rights and can not fairly be applied to causes of action arising prior to its passage. Compare: Nevins v. Revlon, Inc., 23 Conn. Sup. 314 (182 A2d 634); Bruney v. Little, 8 Ohio Misc. 393 (222 NE2d 446); Hill v. Electronics Corp. of America, 253 Iowa 581 (113 NW2d 313).

The 1966 Act, as amended by the 1968 Act, can not be applied to the cause of action against the appellant arising prior to the effective date of the 1968 amendment, and the trial court erred in denying the appellant's motion to dismiss the action for lack of jurisdiction of the appellant.

Since the case against the appellant can not be maintained under the long arm statute, we do not reach the question of the constitutionality of that statute, and it is unnecessary to determine whether the appellant transacted any business in the State, within the meaning of the statute.

*Judgment reversed. All the Justices concur.*