44925. AMOS, by Next Friend v. BOWERS et al.
44926. MADDUX v. BOWERS et al.

WHITMAN, Judge. On April 18, 1965, Durant Bowers, Jr., appellee, was a resident of DeKalb County, Georgia. On that

date, an automobile collision occurred which gives rise to this litigation. Subsequently thereto, on March 23, 1967, appellee left DeKalb County, Georgia, and established his residence in the State of Illinois.

After appellee's move to Illinois, the actions now before this court were initiated. Appellant Ralph Jordan Amos, by his next friend, filed his action in the Superior Court of Fulton County, Georgia, on August 2, 1968. Appellant Alvin Maddux filed his complaint in the same court on April 10, 1969. In both cases, the appellee, Bowers, was served under the provisions of Georgia's so-called "long arm statute." See *Code Ann.* § 24-113.1 et seq. (Ga. L. 1966, pp. 343, 344, as amended).

Appellee then made a special appearance and filed his plea to the jurisdiction and motion to quash service with regard to both cases. The lower court sustained the motion to quash in both cases and it is from these orders that appellants have appealed, enumerating the same as error. *Held:*

In summary, the accident occurred and the cause of action arose in 1965. The long arm statute was enacted in 1966. The defendant moved from the state in 1967. The two suits were instituted in 1968 and 1969.

The basic question presented is whether the 1966 long arm statute is applicable retroactively to a cause of action which arose in 1965. The case of *Focht v. American Cas. Co.,* 103 Ga. App. 138 (118 SE2d 737) is controlling. That case involved the Nonresident Motorists' Act which serves a purpose similar to the long arm statute. The defendant was a resident of Georgia in 1955 when he collided with the plaintiff, but he thereafter moved to Florida. A 1957 amendment defined "nonresident" to include one who was a resident when the cause of action against him arose but who had ceased to be a resident prior to service of process. See *Code Ann.* § 68-808 (Ga. L. 1957, pp. 649, 650). Service was then attempted by serving the Secretary of State of Georgia pursuant to the amendment and the procedure set forth in the Act. The contention was made that the judgment obtained against the defendant was void for lack of personal jurisdiction. This contention was upheld because the amending Act itself prevented its retroactive application, and for the further reason (which has bearing on the case sub judice) that, notwithstanding the legislative intent,

the amendment could not be given retroactive application because its effect, insofar as it forces a former resident of Georgia to litigate in the Georgia courts rather than in the State of his domicile, is such that it creates a new right for one party and imposes a new obligation on the other party making the amendment more than merely remedial in nature.

Any retroactive application of the long arm statute in this case would work the same alteration in the respective positions of the parties.

The case of *Focht v. American Cas. Co.,* 103 Ga. App. 138, supra, has been followed and applied in *Buckhead Doctors' Building, Inc. v. Oxford Finance Companies,* 120 Ga. App. 516 (171 SE2d 365), in which latter case certiorari was denied. See 120 Ga. App. 886.

A recent case of our Supreme Court also appears to be conclusive on the question. See *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684, 688 (171 SE2d 314). In that case the court said: "It is the view of this court that the Georgia long arm statute does not merely afford a different remedy for a prior existing right, but affords a remedy against nonresidents where under the prior law none existed in this State. It affects substantive rights and can not fairly be applied to causes of action arising prior to its passage. Compare: Nevins v. Revlon, Inc., 23 Conn. Sup. 314 (182 A2d 634); Bruney v. Little, 8 Ohio Misc. 393 (222 NE2d 446); Hill v. Electronics Corp. of America, 253 Iowa, 581 (113 NW2d 313)." The *Bauer* case has been followed and applied in *Smith v. O'Neal Steel, Inc.,* 225 Ga. 778 (171 SE2d 519), which on certiorari remanded to this court the case as reported in 120 Ga. App. 106 (169 SE2d 827). For the opinion of this court on remand, see *O'Neal Steel, Inc. v. Smith,* 121 Ga. App. 8 (172 SE2d 479).

The trial court did not err in granting the defendant Bowers' motions to quash the service upon him under the long arm statute.

*Judgments affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 5, 1970—DECIDED MAY 12, 1970—
REHEARING DENIED MAY 26, 1970—CERT. ▮▮▮▮▮▮

*Cullen M. Ward, Frank M. Eldridge,* for appellants.

*Dunaway, Shelfer, Haas & Newberry, John A. Dunaway, William S. Shelfer, Jr., Gambrell, Russell, Moye & Killorin, Edward W. Killorin.*