46598, 46599.   J. C. PENNEY COMPANY v. MALOUF COMPANY et al. (two cases).

ARGUED OCTOBER 6, 1971—DECIDED MARCH 9, 1972— REHEARING DENIED MARCH 31, 1972—

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Alfred B. Adams, III,* for appellant.

*Savell, Williams, Cox & Angel, Edward L. Savell, John A. Dunaway,* for appellee.

QUILLIAN, Judge. 1. We first treat appellees' motion to dismiss the appeals on the grounds that they are premature.

There are two principal methods by which an appeal might be brought from orders in multi-claim party cases as to less than all the claims or parties involved. One is, the

complaining party may obtain a certificate of immediate review from the trial judge under the provisions of Section 1 (a2) of the Appellate Practice Act (*Code Ann.* § 6-701 (a2); Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). The second method is where the trial judge enters an order upon an express determination that there are no just reasons of delay and upon express direction for the entry of the judgment under the provision of Section 54 (b) of the Civil Practice Act (*Code Ann.* § 81A-154 (b)). See *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *D. Davis & Co. v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663); *American Mut. Liab. Ins. Co. v. Moore,* 120 Ga. App. 624 (171 SE2d 751); *Residential Developments, Inc. v. Dodd,* 122 Ga. App. 674 (178 SE2d 333).

Where the second method is used, under the holding of the Supreme Court in *Sanders v. Culpepper,* 226 Ga. 598, 600 (176 SE2d 83), the appellate court must still determine whether the judgment rendered meets the requirements of finality contained in Section 1 (a2) of the Appellate Practice Act (*Code Ann.* § 6-701 (a2)). In the *Sanders* case, in ascertaining whether the cause is still pending in the court below, the court pointed out that "where several defendants are sued jointly on a joint cause of action, and there is a final dismissal as to some of the defendants, the judgment of dismissal cannot be reviewed until the final termination of the action; but where several defendants are sued jointly, but not on a joint cause of action, the judgment of dismissal is such a final judgment as can be reviewed immediately."

In this case appeal was taken upon the trial judge's certificate under the provisions of *Code Ann.* § 81A-154. This case involves multiple claims and multiple parties. The order entered was with regard to the third-party complaint which was dismissed. Such third-party complaint did not involve a "joint cause of action" within the meaning of the *Sanders* case and the ruling thereon was final as to the appellees. Thus, as to them the cause is no longer pending and the appeals with regard to the third-party complaint were not premature.

The motion to dismiss the appeals is denied.

2. We first point out that the Georgia Supreme Court has held that the Long-Arm Statute involves substantive rights and is not procedural. Hence, provisions of that Act may not be applied retroactively. *Bauer International Corp. v. Cagles,* 225 Ga. 684 (171 SE2d 314). See *Buckhead Doctors' Bldg. v. Oxford Finance Companies,* 120 Ga. App. 516 (171 SE2d 365); *Amos v. Bowers,* 121 Ga. App. 801 (175 SE2d 877). Moreover, the Act is in derogation of common law and must be strictly construed. *Taylor v. Jones,* 123 Ga. App. 476 (3) (181 SE2d 506).

We now consider the Act itself (*Code Ann.* § 24-113.1 et seq.). The Act as originally adopted in 1966 provided for the exercise by courts of this state of personal jurisdiction over a nonresident "as to a cause of action arising from any of the acts, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) Transacts any business within this State; or (b) Commits a tortious act within this State, except as to a cause of action for defamation of character arising from the act; or (c) Owns, uses or possesses any real property situated within this State." The Act further provided: "Venue in cases arising hereunder shall lie in any county wherein the business was transacted, the act occurred, or the real property is located." *Code Ann.* § 24-116 (Ga. L. 1966, pp. 343, 344). In 1968, the Act was amended to add corporations within the definition of the term "Nonresident" but as pointed out in *Bauer International Corp. v. Cagles,* 225 Ga. 684, supra, the Act itself stated that this was not to be construed as expressing the intention of the General Assembly as to the meaning of "nonresident" prior to the effective date of the Act.

The court held in the *Bauer* case that under the 1966 statute, the term "nonresident" did not include a foreign corporation.

In 1970 the Act was amended to include a cause of action arising from any of the "omissions" enumerated within the Act and included "omission" in Section (b), so that it reads

"Commits a tortious act or omission within this State." This Act further added a new Section (c) which provides: "Commits a tortious injury in this State caused by an act or omission outside this State if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State."

We point out that Section (a) and old Section (c) now listed as (d) have remained unchanged since the original statute. The compass of Section (b) has as of July 1, 1970 (see *Code Ann.* § 102-111; Ga. L. 1968, pp. 1364, 1365; 1969, p. 7) been expanded by the addition to (b) and of (c) so that now both tortious acts and omissions committtted within and without the state may furnish a basis for jurisdiction. Although the section with regard to transacting business has not changed from 1966 to the present, as above pointed out, whether a corporation could transact business in the state did change effective with the 1968 Act.

The language of the Act as originally promulgated in 1966 is plain in its intent that the cause of action must arise from the acts enumerated in Section 1 of the statute. Jurisdiction is not acquired merely because a nonresident transacts business in the state or happens to own, use or possess real estate or commits a tortious act. The claim itself must have arisen from the transaction of the business, from the use, ownership or possession of the real estate or from the tortious act. This requirement is emphasized in the article on the Georgia Long-Arm Statute by Weissman, 4 GSBJ 13, which points out that under the statute: "An appearance does not confer such jurisdiction with respect to causes of action *not arising* from an act enumerated in Section 1 of this Act." *Code Ann.* § 24-114 (Ga. L. 1966, pp. 343, 344). In Deveny v. Rheem Mfg. Co., 319 F2d 124, 127, citing Hanson v. Denckla, 357 U. S. 235 (78 SC 1228, 2 LE2d 1283), the court determined that the cause of action must arise out of an act done or transaction consummated in the forum state. This court has recently so held in the

case of *Castleberry v. Gold Agency,* 124 Ga. App. 694 (185 SE2d 557), where it was pointed out that other business which a party did in this State would be irrelevant where the jurisdiction was asserted pursuant to the Long-Arm Statute since that section requires that the cause of action arise from the act of transacting business. See Smith v. Piper Aircraft Corp., 425 F2d 823, 825; Kaye-Martin v. Brooks, 267 F2d 394, 397; Bryant v. Finnish National Airline, 22 A. D. 2d 16 (253 NYS2d 215); and numerous cases collected in Anno. 27 ALR3d 397.

There is no reliance on the section relating to the ownership, use or possession of the property. This section is not in issue here. We thus categorize the two basic grounds of jurisdiction contained in the 1966 statute as transacting any business (Section (a)) and tortious act (Section (b)).

The term "cause of action" has various meanings depending upon the context in which it is used. Black's Law Dictionary (4th Ed.), p. 279. In Georgia, cause of action has been defined as all the facts which together constitute the plaintiff's right to maintain the action. *Parris v. Atlanta K. & N. R. Co.,* 128 Ga. 434, 437 (57 SE2d 692). It is urged that the third-party plaintiff's cause of action for indemnity would not accrue until it could call upon the third-party defendant to indemnify it for the loss sustained, citing *Southern Nitrogen Co. v. Stevens Shipping Co.,* 114 Ga. App. 581 (151 SE2d 916); *Central of Ga. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 797 (178 SE2d 710). This is the reasoning of McKee v. Southern R. Co., 50 FRD 502. However, cases involving the statutes of limitation are not controlling here since they deal basically with when the right of action accrues and the bar that attaches at a certain period of time thereafter. See in this connection *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 6 (153 SE2d 602); *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605). The statutes involving limitations of action and the long-arm statutes are not in pari materia and do not involve similar principles. In what we here hold we do not attempt to intimate when the statute of limitation commences.

A similar argument was made to the Supreme Court in *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23 (183 SE2d 912), that the application of a 1970 amendment would not be retrospective since the right to call upon a party for indemnity did not accrue until after the passage of the amendment. While not expressly passing upon the merits of that argument, the court held that the occurrence which was the subject matter of the complaint happened in 1966 and thus the 1970 amendment to *Code* § 20-504 had no application to the indemnification covenant of the contract in question.

Under the Long-Arm Statute, since the claim must arise from an enumerated act, we look to the time of that act to ascertain what provision of the Long-Arm Statute would be germane. See *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857). See in this connection *Focht v. American Cas. Co.,* 103 Ga. App. 138 (118 SE2d 737); *Thompson v. Abbott,* 226 Ga. 353, 357 (174 SE2d 904). If the third party bases its cause of action on tortious act or injury, then we apply the law applicable at the time of the act or injury. If the third party's action is predicated on the third-party defendant's transacting any business, then the controlling law would be that in effect when the third-party defendant was transacting any business out of which arose the third party's cause of action. In short, the act on which jurisdiction is based must be related to the cause of action. Therefore, we look to the time of such act to determine what the parties' rights were and are under the Long-Arm Statute.

It is therefore evident that if the third-party plaintiff is attempting to rely on the commission of a tortious act, it may not rely on the provisions of the 1970 statute but only on the statute as written in 1966 since that is the time the tortious act or injury occurred.

If reliance is placed on the third-party defendant's transacting any business, the business would have had to have been transacted with relation to the occurence in 1966. For, if the transaction of the business did not give rise to the cause of action, the third-party complaint would have no

jurisdictional basis. In this case, the third-party complaint specifically set forth that the garment allegedly causing injury was purchased by the third-party plaintiff from the third-party defendant under a contract by which the third-party defendant warranted the safety of the merchandise and agreed to indemnify the third-party plaintiff. Thus, the jurisdictional right to bring in the third-party defendant is, of necessity, derivative of the 1966 occurrence. We therefore determine whether the third-party defendant was transacting business as of that time.

Under either principal theory under which jurisdiction is asserted, the third-party plaintiff is inexorably bound to that period of time when the 1966 statute was in effect. The 1968 and 1970 amendments simply do not apply. Therefore, since the third-party defendant was a foreign corporation, it was not within the ambit of the 1966 statute. *Bauer International Corp. v. Cagles*, 225 Ga. 684, supra; *Smith v. O'Neal Steel*, 225 Ga. 778 (171 SE2d 519).

*Judgments affirmed. Jordan, P. J., and Evans, J., concur.*