## 27285. J. C. PENNEY COMPANY v. MALOUF COMPANY et al.

GUNTER, Justice. This case (actually two cases involving the same issues) is here pursuant to our granting a writ of certiorari to the Court of Appeals of Georgia. The decision of the Court of Appeals is reported at 125 Ga. App. 832 (189 SE2d 453), and a full statement of facts is given in the opinion of the Court of Appeals.

The essential issue for determination here is whether Georgia's Long Arm Statute (Code Ann. § 24-113.1) affords jurisdiction in the Georgia Courts over a non-resident corporation where the alleged occurrence and the alleged damages to two Georgia plaintiffs took place in 1966.

The two plaintiffs brought actions in May, 1968, in the Superior Court of Fulton County, Georgia, against J. C. Penney Company for damages allegedly caused by merchandise purchased by the plaintiffs from Penney. The merchandise was purchased in March, 1966, and the occurrence giving rise to the damages took place on

June 20, 1966.

Penney defended the actions, and as a part of its defense it sought to bring in as a third party defendant the Malouf Company, a foreign corporation which had manufactured the merchandise and had shipped the merchandise to Penney. Malouf contended that since the merchandise was sold and the damages incurred by the plaintiffs in 1966, at a time when our Long Arm Statute did not confer jurisdiction over non-resident corporations (though it did over non-resident individuals), it could not be brought into the Georgia actions as a third party defendant.

In 1968, the Georgia Long Arm Statute was amended, effective April 12, 1968, so as to confer jurisdiction in the Georgia courts over non-resident corporations. (Ga. L. 1968, pp. 1419-1420). And it is to be noted that the plaintiffs' actions against Penney and Penney's third party complaints against Malouf were both filed after the effective date of this 1968 amendment.

We therefore have presented to us the rather neat question: Is jurisdiction under our Long Arm Statute over a non-resident corporation irrevocably tied to the time of the occurrence and damages, 1966 in this case, even though the action be brought against the non-resident corporation in 1968 after the effective date of the amendment conferring jurisdiction over non-resident corporations?

The trial court and the Court of Appeals both held that the 1966 "time area" was applicable and controlling, and that Malouf could not be brought into the actions in the Georgia court as a third party defendant.

If these were actions sounding solely in tort we would agree with the Court of Appeals and affirm its judgments. It is clear in this situation that the alleged tort occurred in 1966 at a time when our Long Arm Statute did not confer jurisdiction in the Georgia Courts over a non-resident corporate tortfeasor. In a

pure tort action jurisdiction to bring suit in Georgia against a non-resident party at a time after the commission of the tort is dependent upon the existence of jurisdiction at the time of the commission of the tort. See *Bauer Int. Corp. v. Cagles,* 225 Ga. 684 (171 SE2d 314). It is clear in this case that the plaintiffs could not have sued Malouf in tort in the Georgia courts, and it is equally clear that Penney could not do so by third party complaint if the third party complaint sounded only in tort.

However, Penney alleged in the third count of its third party complaint against Malouf that the merchandise allegedly causing injury to the plaintiffs was purchased by Penney from Malouf under a written contract which provided in part as follows: "7. The seller [Malouf] warrants that the merchandise covered by this order is fit and safe for consumer use, and acceptance of the order shall constitute an agreement upon seller's [Malouf's] part to indemnify and hold the company [Penney] harmless from all claims, liability, loss, damage and expense incurred or sustained by company [Penney] by reason of any breach of such warranty. 8. The seller [Malouf] will indemnify and hold the company [Penney] harmless from and against any and all claims, liability, loss, cost, attorneys' fees, expenses and damages arising or resulting from any defect or alleged defect in merchandise delivered hereunder or from the nature of the materials contained in any such merchandise."

In its answer to the third party complaint Malouf admitted "that in some purchases made by J. C. Penney Company from Malouf Company, the agreement of purchase contained provisions as set forth in the quoted paragraphs seven (7) and eight (8) of a purported agreement of warranty, ..." We thus see that the third count alleged a contractual relationship between Penney and Malouf establishing obligations

on the part of Malouf to Penney with respect to merchandise manufactured by Malouf and sold to and delivered to Penney in Georgia.

The record shows that Malouf's only "contacts" with Georgia were the shipment of its merchandise for delivery to Penney in Georgia and the existence of this warranty-indemnity contract between Penney and Malouf.

Were these two "contacts" with Georgia on the part of Malouf sufficient to constitute "transacting any business" in Georgia pursuant to subsection (a) of our Long Arm Statute? And if these minimal contacts are sufficient to comply with the requirement of due process, then are they, the contacts, confined to the "time area" of 1966, or does the express written contract between the parties extend the "time area" into the future when a breach occurs (for example, into the period after April 12, 1968)?

We conclude that the manufacture and shipment of merchandise by Malouf for delivery to Penney in Georgia placed the merchandise in the stream of commerce for resale at retail to Georgia citizens; and placing the merchandise in that stream pursuant to the warranty-indemnity contract previously referred to amounted to "transacting any business" in Georgia by Malouf under subsection (a) of our Long Arm Statute.

We further conclude that since Malouf was transacting business in Georgia, its obligations to Penney pursuant to the express warranty-indemnity contract between the parties are not confined to the 1966 "time area." In short, Penney was entitled to rely on the warranty and indemnity provisions of that contract in 1968 when the alleged breach occurred and existed; when it filed its third party complaint; and when Georgia law afforded jurisdiction in the Georgia courts over foreign corporations transacting business in Georgia.

In this case Malouf, by placing its merchandise in the stream of Georgia commerce under an agreement to indemnify its purchaser for damages caused the latter by the merchandise, has availed itself of the privilege of conducting activities within Georgia, and it must therefore respond for breach of its agreement, if such breach existed in 1968, in the Georgia forum.

Adequate notice and fundamental fairness, both of which add up to due process of law, are not violated by subjecting Malouf to the jurisdiction of the Georgia courts for the solution of its contractual dispute with Penney under the circumstances prevailing and outlined in this opinion. The trial court has jurisdiction under subsection (a) of our Long Arm Statute to determine the contractual issues between the third party complainant and the third party defendant.

It follows that the judgments of the Court of Appeals in the two cases are reversed.

*Judgments reversed. All the Justices concur, except Jordan, J., disqualified.*

ARGUED SEPTEMBER 13, 1972—DECIDED JANUARY 22, 1973—REHEARING DENIED FEBRUARY 9, 1973.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Alfred B. Adams,* for appellant.

*Edward L. Savell, John A. Dunaway, Hamilton Lokey,* for appellees.

ON MOTION FOR REHEARING.

GUNTER, Justice. By way of motion for rehearing in this case, Malouf has asserted that we have overlooked a principle of law having to do with third-party practice, and that we have overlooked certain material facts, both of which would require a different decision from that originally rendered.

The principle of law involves Code Ann. § 81A-114 (a) which provides that a third party complaint may be

brought against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Malouf contends that since we held that neither the plaintiffs nor Penney could sue Malouf in Georgia solely in tort, then the indemnity contract between Penney and Malouf was not "part of the plaintiff's claim" against Penney and therefore Penney could not bring in Malouf as a third party defendant.

This contended-for construction of the third party practice statute in conjunction with the Long Arm Statute is a very narrow construction indeed. We hold that this third party practice statute means that a defendant can bring in a third party non-resident defendant if the third party defendant's liability to the defendant allegedly arises by virtue of the tort or by virtue of a contract between the defendant and the third party defendant related (for instance, indemnification) to the tort forming the basis for the original action between the damaged plaintiff and the defendant. In short, if a defendant is sued in tort, and a non-resident third party has contracted with the defendant to indemnify him against loss for such tort, then the indemnifying party can be brought into the action as a third party defendant. In such a situation the non-resident third party defendant's liability to the defendant arises by contract out of "the plaintiff's claim" against the defendant.

Our holding in *Southern R. Co. v. Insurance Co. of N. A.,* 228 Ga. 23 (183 SE2d 912) (1971), is not contrary to what is ruled here.

Malouf also contends that we have overlooked the material fact that if Malouf was transacting business in Georgia, it was only doing so in Cobb County, because that is where the merchandise manufactured by Malouf was delivered to Penney. The contention is that venue of any claim by Penney against Malouf must be in Cobb County under Code Ann. § 24-116. That Code section provides that venue shall lie in any county wherein the

business was transacted or the act or omission occurred.

We held that by manufacturing merchandise and placing it in the stream of commerce in Georgia, Malouf was doing business in Georgia. In connection with that doing business in Georgia, Malouf entered into a contract with Penney agreeing to hold Penney harmless for any and all expenses and damages arising or resulting from any "alleged defect" in its merchandise. Penney was sued in Fulton County for an "alleged defect" in the merchandise. The "act" causing expenses and damages to Penney occurred when the suit was brought in Fulton County. The bringing of the suit in 1968 in Fulton County against Penney activated the obligations of Malouf to Penney contained in the contract of indemnity.

Our third-party practice statute and our Long Arm Statute, in combination, were devised and enacted for the purpose of reaching a party like Malouf and bringing it into a court in Georgia so as to get the issues among and between all the parties settled in one lawsuit.

*Rehearing denied.*