## 56789. COLONIAL FILM & EQUIPMENT COMPANY, INC. et al. v. MacMILLAN PROFESSIONAL MAGAZINES, INC.

SMITH, Judge.

We reverse the trial court's grant of appellee's motion for directed verdict.

Appellee, MacMillan Professional Magazines, Inc., brought suit on an account and on nineteen promissory notes. Appellants, Colonial Film & Equipment Company and Taylor Hoynes, Jr., signed each of the notes as joint makers. The payment promise in each note said, "[W]e promise to pay"; the waiver clause applied to "each of us"; and the signatural portion of each, located at the bottom on the right of the face of each, appeared:

"Given under the hand and seal of each party.
*Colonial Films [typewritten] L. S.*
*Taylor Hoynes, Jr. [handwritten] L. S."*

Appellants answered the suit with certain affirmative defenses, including accord and satisfaction, res judicata, and failure of consideration. Appellant Hoynes' answer stated that he had signed the notes only as president of the corporate appellant and not so as to assume liability individually.

Prior to trial, the court sustained appellee's motion to exclude parol evidence indicating appellant Hoynes' intent on signing the notes. Subsequent to appellee's presentation of its case, which consisted of the testimony of an employee and Hoynes' deposition given on a prior trial of the matter, the court granted appellee's motion for a directed verdict.

1. We cannot determine that all of the raised defenses were meritless as a matter of law, and therefore we must reverse the judgment below because of the trial court's error in directing a verdict without affording appellants the opportunity to present evidence in their defense. " 'A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case.' Rule 50(a); CPA § 50(a) (Code Ann. § 81A-150(a)). Under this rule the defendant, but not the plaintiff, may move for a directed verdict at the close of the evidence for the plaintiff. The trial judge had no authority

to direct a verdict for the plaintiff on motion of the plaintiff at this stage of the trial." *Kay Enterprises, Inc. v. Shawmac, Inc.*, 124 Ga. App. 225 (183 SE2d 503) (1971).

2. Appellant Hoynes contends the trial court also erred in excluding parol evidence concerning his intent on signing the notes. We disagree. Nothing on the face of the notes indicated Hoynes' status as agent of the corporation. To the contrary, each signed as individual maker. " 'One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent . . . A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation. . .' " *Southern Oxygen Supply Co. v. DeGolian*, 230 Ga. 405, 406-407 (197 SE2d 374) (1973). Ga. L. 1962, pp. 156, 257 (Code Ann. § 109A-3—403 (2) (b)) does not here apply to permit the admission of parol evidence showing Hoynes' professed intent to sign only as president of the corporate appellant. *Southern Oxygen Supply Co.*, supra.

3. Appellants cannot complain of the exclusion from evidence of any part of appellant Hoynes' deposition dealing with his intent on signing the notes. See Division 2, supra.

4. We find no other error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED OCTOBER 4, 1978 — DECIDED
JANUARY 9, 1979.

*Parker, Johnson & Cook, Terrill A. Parker, Kirk W. Watkins,* for appellants.

*Hyatt & Rhoads, Philip S. Downer,* for appellee.