34931. BALLEW v. RIGGS et al.

JORDAN, Justice.

This appeal raises the issue of the constitutionality of a section of the Georgia Long Arm Statute and arises from the following facts:

Appellant Judy Ballew was driving home from work early in the morning of November 20, 1976, when she collided head-on with a car driven by the appellee Janet Louise Riggs. Riggs, who was accompanied in the car by defendant Larry Butterworth, allegedly crossed the center-line causing the collision, and was issued a summons requiring her to appear in the Cobb County Traffic Court. The car was owned by defendant Phillip Pace, brother-in-law of Larry Butterworth, who gave Butterworth his express permission to use the car, including permission to allow Riggs to use it.

Appellant Ballew was injured in the wreck and brought suit against Riggs on November 14, 1977, for negligent driving and against Pace and Butterworth for negligence in permitting Riggs to use the car. All three defendants were Cobb County residents at the time of the accident, and Pace and Butterworth were properly served with the complaint and summons. However Riggs, who never appeared in traffic court for which a bench warrant was issued against her, had moved to Florida, leaving no forwarding address, and was never served in Georgia. When she was finally located, she was personally served pursuant to the appropriate provisions of the Long Arm Statute.

Riggs made the argument in the trial court that as a resident of Georgia at the time of the accident who had subsequently become a nonresident at the time of service, the court had jurisdiction over her only as a result of Code Ann. § 24-117, as amended, and that this section was

unconstitutional. Although this amendment, enacted in 1977 by the General Assembly, did not become effective until March 23, 1977, it contained a clause specifically applying it to all pending actions. Ga. L. 1977, pp. 586-588, Section 2. This, claimed defendant Riggs, was a retroactive law affecting substantive rights and was unconstitutional. The trial court agreed and held Code Ann. § 24-117 unconstitutional in violation of the state and federal constitutions. The trial court further granted defendants Pace and Butterworth their motions for summary judgment on the negligent entrustment issue, and plaintiff Ballew appeals both issues.

1. The 1977 amendment provides that "The term 'nonresident' shall also include an individual, or partnership, association or other legal or commercial entity (other than a corporation) who, at the time a claim or cause of action arises under section 1 of this Act, was residing, domiciled, organized or existing in this State and subsequently becomes a resident, domiciled, organized or existing outside of this State as of the date of perfection of service of process as provided by section 3 of this Act." Ga. L. 1977, p. 587.

The language of the amendment found by the trial court to be violative of the constitutional provisions prohibiting retroactive laws reads as follows: "This Act shall apply to all *actions pending* in this State upon this Act's effective date and to all *actions which may be filed* subsequently to this Act's effective date within said actions' respective statutes of limitation." Ga. L. 1977, p. 588. (Emphasis supplied.) In this case, the collision occurred on November 20, 1976, before Code Ann. § 24-117 was amended to apply specifically to parties who were residents at the time of the occurrence but who subsequently became nonresidents. However, the action in this case was not filed *until November 14, 1977,* and thus was not pending on March 23, 1977, when the Act became effective.

Pretermitting the question of whether the defendant had standing to complain of the retroactive aspects of the 1977 amendment, the action having been filed after the effective date of the amendment, we hold that this amendment is remedial in nature and does not affect the

substantive rights of the defendant. There can be no doubt that at the time of the collision that the Georgia courts had jurisdiction of the subject matter and the parties involved in the collision, all of whom were residents of Georgia.

"Remedial Statutes [sic] are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." Searcy v. Stubbs,* 12 Ga. 437,439 (1852). The remedial aspect of the 1977 amendment merely added to the means of enforcing existing obligations by providing a method of service upon one who was a resident of the State of Georgia at the time the cause of action arose and who later became a resident of another state (in this case after suit was filed but prior to service).

"A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading." *Darby v. Cook,* 201 Ga. 309-310 (39 SE2d 665) (1946) and cits.

The case of *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684 (171 SE2d 314) (1969) relied upon by the appellee, holding that certain amendments to the Long Arm Statute were substantive in nature, are distinguishable in that those amendments created a cause of action where none previously existed. *Bauer,* supra, p. 688. As pointed out above, the 1977 amendment to the Long Arm Statute merely provides an alternate means of service upon one who was a resident of Georgia at the time the cause of action arose and who subsequently moved to another state before service could be perfected in Georgia. The amendment applies only to actions which were pending upon the effective date of the amendment or to those filed subsequent thereto. The appellant has not been deprived of any substantial equity by this amendment.

We conclude that the constitutional attack on the 1977 amendment to the Long Arm Statute is without

merit and that the trial court erred in so holding.

2. Appellant contends that defendants Pace and Butterworth are both liable for the negligent entrustment of the car to defendant Riggs. An essential element of establishing this tort is allegation and proof that the owner of the vehicle had actual knowledge of the intended driver's incompetence. *Pugmire Lincoln-Mercury, Inc. v. Sorrells,* 142 Ga. App. 444, 445 (236 SE2d 113) (1977). Appellant alleged in her complaint that Riggs was driving the car with the "express permission, immediate direction, and close supervision" of defendant Butterworth and with "express permission and full concurrence" of defendant Pace. However, nowhere is it shown that either of these defendants had any actual knowledge of defendant Riggs' incompetence. In fact, appellant denominated her theory of recovery as that of "negligent entrustment" for the first time on appeal to this court. Defendants Pace and Butterworth admitted that Riggs was driving the car with their permission. Standing alone, this undisputed fact does not establish the tort of negligent entrustment, and the trial judge was correct in granting defendants Pace and Butterworth their motions for summary judgment.

*Judgment dismissing complaint reversed. Judgment granting motions for summary judgment affirmed. All the Justices concur, except Hill, J., who concurs in part and dissents in part.*

SUBMITTED MAY 18, 1979 — DECIDED SEPTEMBER 11, 1979.

*Awtrey & Parker, George W. Darden, Dana L. Jackel, Toby B. Prodgers,* for appellant.

*Downey, Cleveland & Moore, Robert H. Cleveland,* for appellees.

HILL, Justice, concurring in part and dissenting in part.

I agree entirely with Division 1 of the majority opinion except I would overrule *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684 (171 SE2d 314) (1969), insofar as it, in dicta, appeared to say that enactment of a long

arm service of process statute was substantive (rather than procedural) and hence could not constitutionally be applicable to pre-existing causes of action.

Division 2 of the opinion represents a problem in the administration of justice. The complaint is in one count and names three defendants. Defendant Riggs was alleged to be driving the vehicle which struck plaintiff's car and defendant Butterworth was alleged to be a passenger who had obtained that car from the owner, defendant Pace, with the owner's permission. Defendant Butterworth, the passenger, was alleged to have permitted defendant Riggs to drive the vehicle, also with the permission of the owner, defendant Pace. The owner and passenger filed motions for summary judgment supported by affidavits setting forth facts negating their liability under the theories of respondeat superior and family purpose car doctrine.

Plaintiff did not file a counter-affidavit. Plaintiff's complaint did not use the words, or allege a theory of, "negligent entrustment." Insofar as the record in this case discloses, plaintiff did not ever suggest the theory of negligent entrustment to the trial judge before he granted the two motions for summary judgment. Plaintiff first referred to negligent entrustment, insofar as this record shows, in the enumeration of error filed in this court. Unfortunately, Code Ann. § 81A-156 permits the respondent in motion for summary judgment to "sandbag" the trial judge and the movants. However, until such time as Code Ann. § 81A-156 is amended so as to require the respondent to reply to a motion for summary judgment either by affidavit or other response (see Fulton Superior Court rule 21, as amended), the burden of negating each and every possible theory of liability is on the movant-defendant. I therefore must dissent from Division 2 for the reason that movants have not carried their summary judgment burden of showing that there was no negligent entrustment. See *Cochran v. Teasley*, 239 Ga. 289 (5) (236 SE2d 635) (1977); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962).