62041. STONE v. FIRST NATIONAL BANK OF ATLANTA.

CARLEY, Judge.

The First National Bank of Atlanta (Bank), the holder, instituted suit against Stone, the maker, to recover on several demand notes. Stone answered and the case proceeded to trial. At the close of the Bank's evidence, Stone's motion for directed verdict was denied. At the close of all the evidence, the Bank's motion for directed verdict in the amount of $186,000 was granted. Stone appeals.

1. Stone's answer raised the defenses enumerated in Code Ann. §§ 81A-112 (b) (2), (4) and (5). Pursuant to Stone's motion, the trial court held a hearing on these defenses and determined that they were meritless. On appeal Stone enumerates as error the failure of the trial court to sustain his defenses and to dismiss the action.

At the time the notes were made by Stone he was a resident of Georgia. At the time the instant suit was filed Stone was a resident of Texas and the exercise of personal jurisdiction over him was predicated upon the Georgia Long Arm Statute, Code Ann. § 24-113.1. In 1977 the term "nonresident" was defined so as to "include an individual . . . who, at the time a claim or cause of action arises under section 24-113.1, was residing, . . . in this State and subsequently becomes a resident . . . outside of this State as of the date of perfection of service of process . . ." Code Ann. § 24-117 (Ga. L. 1977, pp. 586, 587). It is clear and Stone does not dispute that he is a "nonresident" within the meaning of Code Ann. § 24-117. The arguments advanced by Stone in support of his contention that the statute is unconstitutional as applied to him have been considered and rejected in *Ballew v. Riggs,* 244 Ga. 232 (259 SE2d 482) (1979). Essentially Stone urges that since he signed the notes in 1974, all rights thereunder vested at that time including his right to avoid "nonresident" status, and it would unconstitutionally impair his "obligation of contract" under Code Ann. § 2-107 to give effect to Code Ann. § 24-117 in the instant case. This argument is meritless. " 'A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading.' [Cit.] . . . [T]he 1977 amendment to the Long Arm Statute merely provides an alternate means of service upon one who was a resident of Georgia at the time the cause of action arose and who subsequently moved to another state before service could be perfected in Georgia." *Ballew,* 244 Ga. at 234, supra. There is no merit in this enumeration.

2. Stone contends that it was error to deny his motion for directed verdict and to direct a verdict in favor of the Bank because there was no evidence that formal demand had been made for payment of the notes. Accepting for the sake of argument the proposition that the evidence is deficient in the manner asserted, the directed verdict for the Bank is not thereby rendered erroneous. " 'A note payable on demand is due immediately after delivery, without further notice or demand. Suit may be brought on demand paper without making any independent demand.' [Cit.] 'A cause of action against a maker or an acceptor accrues in the case of a demand

instrument upon its date or, if no date is stated, on the date of issue.' [Cit.] Thus, the only 'duty' under the U.C.C. on a holder of a demand instrument is to seek enforcement of the instrument which is on its face 'immediately' due and payable within the applicable statute of limitation." *Fulton Nat. Bank v. Willis Denney Ford,* 154 Ga. App. 846, 849 (269 SE2d 916) (1980).

3. Stone urges that it was error to deny his motion for directed verdict and to grant that of the Bank as to one of the demand notes in the amount of $97,000. In support of this argument Stone contends that although he signed the note in his individual capacity he intended and the Bank expected repayment would be made by a business entity. We find Stone's argument meritless. "One who signs a document and does not show he signed the document 'in a representative capacity' is personally obligated under Code Ann. § 109A-3—403 (Ga. L. 1962, pp. 156, 257). 'One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent.' [Cits.] . . . [U]nder Code Ann. § 109A-3—403, supra, he is 'personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity.' " *Barnett v. Leasing International,* 151 Ga. App. 715, 716 (1) (261 SE2d 452) (1979). See also *Colonial Film &c. Co. v. MacMillan Professional Magazines,* 148 Ga. App. 632, 633 (2) (252 SE2d 61) (1979).

4. Stone contends that he was erroneously precluded from presenting certain evidence concerning his defense of accord and satisfaction. A review of the entire transcript demonstrates that it was essentially Stone's position that he had surrendered certain property to the Bank in full and complete satisfaction of the unsecured notes. However, at trial it was shown that the property was originally security held not by the Bank but by another creditor of Stone for a debt separate and distinct from that represented by the unsecured demand notes at issue in the instant case. Compare *Butts v. Maryland Cas. Co.,* 52 Ga. App. 838 (184 SE 774) (1935). While Stone testified he had reached the alleged accord and satisfaction with "employees" of the Bank, the uncontroverted and unimpeached evidence for the Bank was that the two "employees" with whom Stone negotiated the accord and satisfaction were not its agents but were in fact employees of the entity holding the deeds to secure debt on the property. "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law." *Salters v.*

*Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (184 SE2d 56) (1971). " 'When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' [Cits.]" *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562, 564 (249 SE2d 668) (1978). See also *Stewart v. Ga. Mut. Ins. Co.,* 159 Ga. App. 91 (1981). Thus there was no evidence "whatever to show that the individual[s] with whom [Stone] made the alleged agreement of accord was in any sense the agent or representative of the [Bank], . . . [and] there was no issue to be submitted to the jury as to the making of such accord." *Staples v. Growers Fin. Corp.,* 44 Ga. App. 451 (1) (161 SE 675) (1931). Therefore, an accurate assessment of the evidence in the instant case is that "[n]othing in the record shows a meeting of the minds or any consideration flowing to [the Bank]." *James v. Mack Trucks,* 146 Ga. App. 689, 691 (247 SE2d 215) (1978).

After a directed verdict was granted to the Bank Stone was given two weeks by the trial court within which to make his offer of proof to perfect the record on the issue of the payment of the notes through accord and satisfaction. Stone made no attempt to demonstrate that, despite the evidence to the contrary presented at trial, he negotiated a settlement with the Bank through its agents as to the notes in issue. Thus, on the record before us, the accord and satisfaction which Stone contends he was erroneously precluded from fully establishing was no defense whatsoever to the Bank's action on the notes. Therefore, we are unable to hold that any ruling by the trial court which prohibited further jury consideration of this defense was in any way harmful or prejudicial to Stone on the issue of liability on the notes.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 17, 1981 —
REHEARING DENIED OCTOBER 6, 1981.

*Lawrence S. Burnat, John A. Christy,* for appellant.
*M. Douglas Mann, Wayne C. Crowe,* for appellee.