57634. TAMIAMI TRAIL TOURS, INC. et al. v. BESS.
57635. TAMIAMI TRAIL TOURS, INC. et al. v.
MITCHELL.

QUILLIAN, Presiding Judge.

The instant appeals are companion cases involving the same issues. For simplicity whenever reference is made to the facts case 57634 will be utilized.

On December 19, 1975 a collision occurred in Atkinson County when a Ford pickup truck collided "head on" with a Tamiami Trail Tours, Inc. (Tamiami) bus. The appellee (Bess), who was a passenger on the Tamiami bus, filed an action in Atkinson County against Tamiami as well as the estate of the deceased driver of the pickup truck. Subsequently, Bess executed a release of all causes of action arising out of the subject collision except for any benefits to which Bess might be entitled under the Georgia Motor Vehicle Accident Reparations Act ("No fault"), Tamiami and Liberty Mutual Insurance Company (Liberty Mutual) contending that neither was liable for such benefits.

Bess later filed an action in the superior court against Tamiami and Liberty Mutual claiming that she was entitled to "no fault" benefits as a result of the collision in question and likewise claimed punitive

damages, penalty and attorney fees.

Liberty Mutual filed its defenses, taking the position that it did not provide "no fault" coverage on this particular Tamiami bus and was not required under the laws of Georgia in effect at that time to provide "no fault" insurance on the bus. Additionally, Liberty Mutual claimed that Atkinson County was not the proper venue of such an action against it. Tamiami denied in its defenses that it was required to have "no fault" coverage on this particular bus on December 19, 1975 and further acknowledged that it did not have "no fault" insurance coverage on the vehicle.

Counsel for the parties agreed that the case might be tried before the court without a jury and in the courthouse in Lanier County rather than the courthouse in Atkinson County. A pre-trial order was adopted by the court and this case, along with a companion case, was brought on for trial as agreed.

The court requested briefs at the conclusion of the trial and thereafter entered a judgment for the plaintiff.

In ruling for the plaintiff the trial judge made the following findings of fact:

"1. Plaintiff was injured on December 19, 1975, while a passenger on a bus owned by defendant Tamiami Trail Tours, Inc., when the bus collided with a Ford Courier auto in Atkinson County, Georgia; as a result of her injuries, plaintiff incurred $2750.00 medical expense and lost $2,000.00 in wages.

"2. The Tamiami Trail Tours, Inc. bus involved in the collision was, on the date of the collision, required to be registered in this State with the Georgia Public Service Commission under Title 68 of the Georgia Code Ann.

"3. Policy number LC1-721-001758-079 issued to Tamiami Trail Tours, Inc., by Liberty Mutual Insurance Company was in effect on the date of the subject collision and covered the bus involved in the collision. Said policy was filed by defendants with the Georgia Public Service Commission as proof of financial responsibility.

"4. Liberty Mutual Insurance Company is a surety for the obligations of Tamiami Trail Tours, Inc., in Atkinson County, Georgia, and is therefore a legal resident of Atkinson County.

"5. Tamiami Trail Tours, Inc., is named insured under the policy of insurance involved and, as such, would be entitled to the proceeds of the policy.

"6. The defendant Liberty Mutual Insurance Company, by stipulating in open court for the trial of this case to be held in Lakeland, Georgia has waived any question as to venue.

"7. Defendants received reasonable and proper proof of loss and demand for payment more than 60 days prior to the filing of this case.

"8. Defendant Liberty Mutual Insurance Company has failed to prove that its failure to pay the medical expense and lost wages was in good faith. A reasonable penalty not exceeding 25% would be $1187.50. Reasonable punitive damages would be $1000.00. Reasonable attorney's fees in this case would be $1500.00."

Based on those facts the order contained these conclusions of law:

"1. Defendant Tamiami Trail Tours, Inc., was required to have on the bus the minimum insurance coverage required by the Georgia Motor Vehicle Accident Reparations Act.

"2. The requirements and provisions of the Georgia Motor Vehicle Accident Reparations Act were, under the provisions of said Act and, as a matter of law, made a part of the policy of insurance issued by Liberty Mutual Insurance Company to Tamiami Trail Tours, Inc.

"3. This case was legally tried before the Court at the Lanier County Courthouse and venue was proper.

"4. Plaintiff is entitled to recover from defendant, the sum of $2750.00 medical expense; $2,000.00 lost wages; $1187.50 penalty; $1,000.00 punitive damages and $1500.00 reasonable attorney's fees." The defendants appeal from that order. *Held:*

During the trial, counsel for the plaintiff agreed that the policy on its face had no provision for "no fault" coverage and stated: "We do not contend that there is any entry or written parts of the policy indicating no fault coverage." Thus, the issue presented is whether the Georgia Motor Vehicle Accident Reparations Act incorporates by reference its provisions into the policy or

does it mandate such coverage even though such coverage does not exist under the terms of the policy.

1. First, we must determine whether the defendant Liberty Mutual provided "no fault" coverage. In making this ruling we consider the "no fault" law as it pertained to the period in question, specifically, Dec. 19, 1975 the time of the occurrence.

Section 5 (a) of the Act reads, as follows: "All policies of motor vehicle liability insurance issued in this State must be in accordance with the requirements of this Act, and no insurer shall issue a policy of motor vehicle liability insurance in this State that does not contain at least the minimum coverages required under this Act." Code Ann. § 56-3405b (a) (Ga. L. 1974, pp. 113, 118).

The period of the instant policy was from January 1, 1975 to January 1, 1976. Liberty Mutual did not issue the policy in this State but issued the policy in New York. Hence, the policy was not required to contain the minimum coverage required by the Act. We note that a provision which might have compelled a different answer was not approved until April 6, 1976. See Code Ann. § 56-3405b (a) (2) (Ga. L. 1976, pp. 1513, 1514).

As to the instant policy there was no statutory mandate compelling coverage and Liberty Mutual did not provide "no fault" insurance to its insured Tamiami.

2. Was Tamiami a self-insured under the terms of our "no fault" statute?

A "self-insurer" is defined as " 'owner' who has on file with the Commissioner of Public Safety an approved plan of self-insurance which provides for coverages, benefits, and efficient claims handling procedures substantially equivalent to those afforded by a policy of automobile liability insurance that complies with all of the requirements of this Chapter." Code Ann. § 56-3402b (f) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203). Clearly Tamiami was not "self-insured" as defined by that provision.

Did the Act impose upon Tamiami the obligation to provide "no fault"? Section 3 of the Act (Code Ann. § 56-3403b; Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204) provides: "No owner of a motor vehicle required to be registered in this State, or any other person, other than a

self-insurer as defined in this Act, shall operate or authorize any other person to operate such motor vehicle unless the owner has insurance on such vehicle providing the following minimum coverage." Under Section 12 (a) (Code Ann. § 56-3412b (a); Ga. L. 1974, pp. 113, 123, as amended Ga. L. 1975, pp. 516, 517) satisfactory proof of "no fault" coverage must be furnished before licensing of a motor vehicle. Section 14 (Code Ann. § 56-9915.2; Ga. L. 1974, pp. 113, 124) imposes a penalty for failure to comply. "An owner or any other person who knowingly operates, or knowingly authorizes another to operate, a motor vehicle without effective insurance thereon or without an approved plan of self-insurance thereon or an approved plan of self-insurance as required by this Act [Code Chapter 56-34B], shall be guilty of a misdemeanor and, upon conviction, shall be punished as for a misdemeanor." (Ga. L. 1974, pp. 113, 124).

Thus, where one fails to obtain coverage as required by the law, one is subjected to the prescribed penalties and may be liable in a negligence suit as a tortfeasor since the protection of "no fault" coverage is not afforded. See Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121). However, there is nothing in the applicable statutory provisions which imposed mandatory and automatic coverage.

The trial judge erred in holding that "the requirement and provisions of the Georgia Motor Vehicle Accident Reparations Act were, under the provisions of said Act and, as a matter of law, made a part of the policy of insurance issued by Liberty Mutual Insurance Company to Tamiami Trail Tours, Inc."

*Judgments reversed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 5, 1979 — DECIDED JUNE 19, 1979 — REHEARING DENIED JULY 10, 1979.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellants.

*Jack J. Helms, Berrien Sutton,* for appellees.