## 59934, 59935. COMMERCIAL UNION INSURANCE COMPANY v. INSURANCE COMPANY OF NORTH AMERICA et al. (two cases).

SOGNIER, Judge.

Mr. and Mrs. Richards filed a personal injury action against Godfrey and his employer, Ashland-Warren (MacDougald Construction Company). The action arose when an Ashland-Warren vehicle driven by Godfrey collided with the Richards' vehicle. Insurance Company of North America (INA) carried Ashland-Warren's insurance on its vehicle and Commercial Union Insurance Company (Commercial) had Godfrey's personal automobile liability insurance.

INA initially entered a defense on behalf of Godfrey and Ashland-Warren. Godfrey also called upon Commercial to provide insurance coverage for the collision under Godfrey's policy with Commercial on his personal automobile. Reservation of rights and non-waiver agreements were obtained by both insurance companies and Commercial then filed this declaratory judgment action.

Commercial's policy contained a clause which provided: "If there is other applicable liability insurance we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a

vehicle you do not own shall be excess over any other collectible insurance."

INA's policy provided:

"6) Other Insurance

"If the Insured has other valid and collectible insurance against a loss covered by this policy (except insurance purchased to apply in excess of the limits of liability hereunder), the insurance provided by this policy shall be in excess of such other valid and collectible insurance . . ."

INA's policy was issued in anticipation of Ashland-Warren qualifying as a self-insurer and an endorsement contained the following provision: "[2] It is further agreed that the obligation of the Company [INA] to pay damages on behalf of the Insured [Ashland Oil and Ashland-Warren], arising from occurrences for which insurance is provided, applies only to the damages in excess of the self-insured sum stated in the schedule below . . .

"10.                    Schedule

"Self-Insured Sum — $1,000,000 — each occurrence

"Self-Insured Aggregate — Nil — each occurrence"

The INA policy also provided: "INA agrees to pay the minimum benefits prescribed by the following State laws, in accordance with the applicable endorsement(s): . . . Georgia No-Fault . . ."

Commercial contended in its action for declaratory judgment that either INA or Ashland-Warren, as a self-insurer, had the primary insurance on the Ashland-Warren vehicle and therefore, Commercial's insurance was "excess over any other collectible insurance." Hence, Commercial sought a determination of the respective rights and duties of the parties under the INA policy and the Commercial policy. INA filed a motion for summary judgment and Commercial filed a cross-motion for summary judgment. In support of its motion, INA filed certain affidavits indicating that neither Ashland Oil, Inc., Ashland-Warren, Inc. nor MacDougald Construction Co. had qualified as a self-insurer.

Based upon this showing the trial court ruled that Ashland-Warren was not a self-insurer; thus, there was no other collectible insurance. Accordingly, INA's motion for summary judgment was granted and Commercial's cross-motion for summary judgment was denied. This appeal of Commercial contends the trial court erred in granting INA's motion for summary judgment and in failing to grant Commercial's motion for summary judgment.

1. To become a self-insurer in Georgia requires compliance with Code Ann. § 68C-602 (a), which provides: "Any person in whose name one or more vehicles are registered in this State may qualify as a

self-insurer by obtaining a certificate of self-insurance from the department. The department may, in its discretion, upon the application of such person, issue such a certificate when it is satisfied that such person has and will continue to have the ability to provide coverages, benefits, and claims handling procedures substantially equivalent to those afforded by a policy of vehicle insurance in compliance with the Georgia Motor Vehicle Accident Reparations Act [Chapter 56-34B]."

Code Ann. § 56-3402b (f) provides: " 'Self-insurer' means any 'owner' who has on file with the Commissioner of Public Safety an approved plan of self-insurance which provides for coverages, benefits, and efficient claims handling procedures substantially equivalent to those afforded by a policy of automobile liability insurance that complies with all of the requirements of this Chapter."

INA's affidavits show noncompliance with Code Ann. § 68C-602 (a) and thus Ashland-Warren does not fall within the statutory definition (Code Ann. § 56-3402b (f)) of a self-insurer. The trial court was correct in ruling Ashland-Warren is not a self-insurer. See *Freeman v. Ryder Truck Lines,* 244 Ga. 80, 81 (259 SE2d 634) (1979); *Tamiami Trail Tours, Inc. v. Bess,* 150 Ga. App. 632, 635 (2) (258 SE2d 200) (1979).

2. Appellant contends vigorously that despite the provision of INA's policy providing coverage only above $1,000,000, Code Ann. § 56-3405b (a) (2), which provides " *[a]ll insurers authorized to transact or transacting insurance in this State,* or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting insurance in this State which issue policies or contracts providing motor vehicle liability insurance coverage, or any other similar coverage, in any State or Canadian province shall include in such policies or contracts of insurance a provision which provides at least the minimum coverage required under section 56-3403b (b) with respect to motorists insured under such policies or contracts who are involved in motor vehicle accidents in this State, and *notwithstanding any provisions of any such policies or contracts to the contrary all such policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this Chapter* if a motorist insured under such policies or contracts of insurance is involved in a motor vehicle accident in this State" (emphasis supplied), modifies INA's policy to include the minimum liability insurance required under this Chapter (56-34B).

The case of *Tamiami,* supra, while treating solely the no-fault provision, reached a different result because at the time of that decision the applicable section (Section 5 (a), which is now Section 5 (a) (1)) of the Georgia Motor Vehicle Accident Reparations Act

provided: "All policies of motor vehicle liability insurance issued *in this State* must be in accordance with the requirements of this Act, and no insurer shall issue a policy of motor vehicle liability insurance *in this State* that does not contain at least the minimum coverages required under this Act." (Emphasis supplied.) Since the policy of insurance in *Tamiami* was issued *out of state,* the court said: "We note that a provision which might have compelled a different answer was not approved until April 6, 1976. See Code Ann. § 56-3405b (a) (2) (Ga. L. 1976, pp. 1513, 1514)." Id., at 635. We now find that "different answer" by reason of the 1976 amendment referred to (Code Ann. § 56-3405b (a) (2)), which extended application of the minimum requirements of *Chapter 56-34B* to "[a]ll insurers authorized to transact or transacting insurance [business] in this State . . ." Hence, in our opinion the INA policy, in the terms of § 56-3405b (a) (2), is "deemed to satisfy the minimum requirements of this Chapter [56-34B]." Code Ann. § 56-3403b (a) is part of "this Chapter" (Ch. 56-34B) and adopts the minimum requirements set forth in Code Ann. § 68C-307 (a) by reference. This latter section provides: "No policy shall be effective under section 68C-304 unless issued by an insurance company authorized to do business in this State, except as provided in subsection (b) of this section, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than $20,000 because of bodily injury or death to two or more persons in any one accident, and if the accident has resulted in injury to, or destruction of, property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one accident." We conclude that an interpretation of the foregoing code sections reforms the INA policy to include these minimum coverages. Thus, there is other collectible insurance from INA, since by its own admission it is qualified to do business in the State of Georgia.

Our finding that the minimum benefits are deemed to be included in the INA policy is further supported by the following paragraph of INA's policy: "The Named Insured agrees to reimburse INA for the portion of such payments included within the SIR [Self Insured Retention Endorsement] amount of $1,000,000.00 each occurrence established by endorsement No. 1. [SIR Endorsement] It is further agreed that such SIR amount shall apply to any other similar automobile personal injury protection and property damage statutory benefits required to be provided under the terms of an automobile liability insurance policy by any state law."

3. The provision of each company's policy relating to other insurance is quoted above. As did the trial judge, we will follow the rule set forth in *Chicago Ins. Co. v. American &c. Ins. Co.,* 115 Ga. App. 799, 802 (2) (156 SE2d 143) (1967), where we held: "The risk covered by automobile liability policies is primarily liability arising from use of the automobile described in the policy and the risk is often extended to liability arising from the use of other automobiles. When automobile liability policies issued to the owner and to the driver both cover an injury, and one or both of the policies contains an excess insurance clause pertaining to non-ownership coverage, it is usually held that the policy issued to the owner of the vehicle is the 'primary' policy and the insurer issuing it is liable up to the limits of the policy without apportionment. The policy providing that it shall be excess insurance as to non-ownership coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted. American Auto. Ins. Co. v. Republic Indemnity Co., 52 Cal. 2d 507 (341 P2d 675); 16 Couch On Insurance 2d 519, § 62:72, 508 § 62:60; 8 Appleman 400, § 4914; 76 ALR2d 502, 505."

Accordingly, INA's policy, deemed to include the minimum liability coverage, covering the use of the Ashland-Warren automobile involved in the collision, is the primary policy providing liability coverage to a driver using such vehicle with permission who injures a third party while using such automobile. After INA's minimum limits of liability are applied to any recovery against the driver, Commercial's limits will cover the excess, if any. INA is not liable for more than the minimum coverage required by statute until such liability exceeds its $1,000,000 exclusion.

As INA is the primary insurer, it also has the primary duty to defend the driver. Aetna Casualty & Surety Co. v. Market Ins. Co., 296 S2d 555 (Fla. App. 1974).

4. Our holding as to "collectible insurance" is dependent upon permissive use by Godfrey, as set forth in INA's policy, which provides under "Persons or Entities Insured": "(c) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . ." Thus, the question of permissive use requires resolution by a jury. *Southern Trust Ins. Co. v. Clark,* 148 Ga. App. 579, 584 (1) (251 SE2d 823) (1978).

We reverse the grant of summary judgment in favor of INA. We sustain the denial of Commercial's motion for summary judgment because there is a question of fact as to "permissive use."

*Judgment reversed in Case No. 59934. Judgment affirmed in Case No. 59935. Deen, C. J., and Birdsong, J., concur.*

ARGUED MAY 6, 1980 — DECIDED
SEPTEMBER 22, 1980.

*Glenn Frick, Robert P. Bleiberg,* for appellant.
*Harold T. Daniel, Jr., James W. Friedewald, Ira S. Zuckerman,
Paul Webb, Jr.,* for appellees.