### 76205. MAHONE v. SHERMAN et al.
(370 SE2d 806)

McMURRAY, Presiding Judge.

Johnnie Mahone (plaintiff) brought an action against defendants Sherman and Guffie seeking damages which allegedly arose after defendant Guffie "crashed" a vehicle, owned by defendant Sherman, into plaintiff Mahone's building. Defendant Guffie did not respond to the complaint and a default judgment was subsequently entered against her. Defendant Sherman denied the material allegations of the complaint and later filed a motion for summary judgment.

The undisputed facts show that Sherman sold a "1978 Plymouth Sapporo automobile" to Guffie in exchange for $1,000. Sherman allowed Guffie to test drive the automobile overnight and on April 16, 1985, defendant Guffie accepted the automobile, gave defendant Sherman a down payment and promised to pay the remaining balance in installments. At that time, Sherman signed the transfer portion of the title certificate over to her but retained possession of the automobile's title until she paid the entire purchase price. Sherman had main-

tained a policy of motor vehicle liability insurance on the vehicle before the sale and, according to his deposition testimony, he maintained the insurance policy after the sale to protect himself from liability in the event Guffie was involved in a collision.

On June 9, 1985, Guffie lost control of the Plymouth automobile she had purchased from Sherman and collided into a building owned by plaintiff. Shortly after the collision, Guffie paid Sherman the remaining balance for the vehicle and Sherman gave her the automobile's certificate of title.

The trial court granted defendant Sherman's motion for summary judgment and this appeal followed. *Held:*

1. The contention that this appeal should be dismissed because plaintiff entered a voluntary dismissal of the action sub judice after judgment was entered and after plaintiff filed his notice of appeal is without merit. " 'It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached . . . *Merchants' Bank v. Rawls*, 7 Ga. 191; *Peeples v. Root*, 48 Ga. 592; *Cherry v. Building & Loan Assn.*, 55 Ga. 19; *Meador v. Bank*, 56 Ga. 605 (4); *Brunswick Grocery Co. v. Railroad Co.*, 106 Ga. 272 (32 SE 92). The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained.' *Peoples Bank of Talbotton v. Exchange Bank of Macon*, 119 Ga. 366, 368 (46 SE 416)." *Cooper v. Rosser*, 233 Ga. 388 (1), 389 (211 SE2d 303). Further, since plaintiff's voluntary dismissal was filed in the trial court after the notice of appeal, it is a nullity and will not be considered on appeal. See *Dalton American &c. Stop v. ADBE Distrib. Co.*, 146 Ga. App. 8, 11 (4) (245 SE2d 346).

2. Plaintiff contends the trial court erred in finding that defendant Sherman was not the owner of the vehicle at the time of the collision and was therefore not responsible for the consequences of defendant Guffie's collision. In this vein, plaintiff argues that a genuine issue of material fact remains with regard to defendant Sherman's ownership of the vehicle and that this disputed fact relates to whether defendant Sherman negligently entrusted his vehicle to defendant Guffie and whether defendant Sherman was liable as a joint tortfeasor for failing to maintain automobile liability insurance on the vehicle as is required by Georgia law.

Assuming, without deciding, that defendant Sherman was the owner of the vehicle at the time of the collision, we find the trial court properly granted defendant Sherman's motion for summary judgment. (See *American Mut. &c. Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 281 (2, 3) (253 SE2d 825), with regard to deter-

mination of automobile ownership under circumstances similar to the case sub judice.)

(a) *Negligent Entrustment.* "An essential element of establishing this tort is *allegation* and proof that the owner of the vehicle had actual knowledge of the intended driver's incompetence. *Pugmire Lincoln-Mercury, Inc. v. Sorrells,* 142 Ga. App. 444, 445 (236 SE2d 113) (1977). (Emphasis supplied.)" *Ballew v. Riggs,* 244 Ga. 232, 235 (2) (259 SE2d 482). In the case sub judice, plaintiff neither alleged that defendant Guffie was incompetent to drive a vehicle nor that defendant Sherman had knowledge that defendant Guffie was incompetent to drive a vehicle. Further, there is no evidence in the record to indicate that defendant Sherman had any knowledge that defendant Guffie was incompetent to drive the subject vehicle. On the contrary, the undisputed evidence shows that defendant Sherman examined defendant Guffie's driver's license before allowing her to drive the automobile and that defendant Sherman was aware that defendant Guffie drove the vehicle for several weeks before the collision without mishap. "Standing alone, [these] undisputed [facts do] not establish the tort of negligent entrustment, and the trial judge was correct in granting [defendant Sherman's motion] for summary judgment [on this issue]." *Ballew v. Riggs,* 244 Ga. 232, 235 (2), supra. See *Thomason v. Harper,* 162 Ga. App. 441, 444 (2) (289 SE2d 773).

(b) *Joint tortfeasor.* Contrary to plaintiff's assertion that defendant Sherman was a joint tortfeasor for failing to insure the vehicle, the undisputed evidence shows that defendant Sherman maintained motor vehicle liability insurance on the subject vehicle at the time of the collision as is required by OCGA § 33-34-4. Consequently, the trial court properly granted summary judgment in favor of defendant Sherman on this issue. See *Tamiami Trail Tours v. Bess,* 150 Ga. App. 632, 635 (2) (258 SE2d 200).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 14, 1988.

*Herald J. A. Alexander,* for appellant.
*Jeffrey F. Leasendale, Richard G. Greer,* for appellees.